KANE *v.* KANE.

1. DIVORCE—JURISDICTION—NONRESIDENT DEFENDANT—CROSS-BILL.
   Where, in husband's suit for divorce, the wife, although a nonresident, voluntarily appeared and submitted herself to the jurisdiction of the court, she became privileged to seek divorce by cross-bill.

2. SAME—NONSUPPORT.
   A decree of divorce granted to the wife on her cross-bill, on the ground of nonsupport, *held*, justified by the proofs.

3. SAME—CUSTODY OF CHILDREN.
   Where a decree of divorce is granted, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of minor children of the parties, and may determine with which of the parties the children, or any of them, shall remain (3 Comp. Laws 1915, § 11407).

4. SAME — INFANTS — CUSTODY — WELFARE OF CHILD PARAMOUNT CONSIDERATION.
   A child of divorced parents is a ward of the court, and in providing for its care, custody, maintenance, and education, the paramount consideration is its welfare, to which the claims and personal rights and desires of parents and even the wishes of the child must yield.

5. SAME—CUSTODY OF CHILD TO NONRESIDENT.
   Where, in the fair and impartial exercise of its wise discretion, the court finds it conducive to the best interests of the child to do so, it is authorized by 3 Comp. Laws 1915, § 11407, to award its custody to a parent who resides without the State, and in this or a foreign country, and, where the custody is awarded to the mother, to charge the father with the child's maintenance and support.

6. SAME—ACCESS TO CHILD NOT ABSOLUTE RIGHT.
   While access to a child by the parent denied custody is

---

[1]Divorce, 19 C. J. §§ 38, 303; [2]Id., 19 C. J. § 344; [3]Id., 19 C. J. § 789; [4]Id., 19 C. J. § 795; [5]Id., 19 C. J. §§ 805, 815; 41 L. R. A. (N. S.) 564; 20 A. L. R. 838; 9 R. C. L. 475; 2 R. C. L. Supp. 810; 4 R. C. L. Supp. 608; 5 R. C. L. Supp. 513; [6]Id., 19 C. J. § 806.

an important right, it is not an absolute one, but must yield to the good of the child.

7. SAME—FATHER DENIED ACCESS TO CHILD NOT THEREBY RE-
LIEVED OF OBLIGATION TO SUPPORT IT.
   That a father is deprived of access to his child by a
   divorce decree does not relieve him from obligation to
   support it.

Appeal from Kent; Brown (William B.), J. Sub-mitted October 11, 1927. (Docket No. 81.) De-cided December 1, 1927.

Bill by Edward Kane against Margaret Kane for a divorce. Defendant filed a cross-bill for a divorce. From a decree for defendant, plaintiff appeals. Af-firmed.

*Cornelius Hoffius* and *Dorr Kuizema,* for plaintiff.

*Leo Hartford,* for defendant.

FLANNIGAN, J. This is an action for divorce. The parties were married in Canada in July, 1910, and settled in Windsor, Ontario. Five children were born, of whom three are living. Plaintiff was arrested by the Canadian authorities in 1919 for nonsupport of his family. While under bail for his appearance in that proceeding he came across the border to Michigan. About seven years thereafter he filed his bill for divorce, alleging extreme cruelty. The wife voluntarily ap-peared and submitted herself to the jurisdiction of the court, whereby, although a nonresident, she became privileged to seek divorce by cross-bill. *Clutton* v. *Clutton,* 108 Mich. 267 (31 L. R. A. 160). For her answer defendant claimed the benefit of cross-bill, and, alleging nonsupport, prayed for divorce, alimony, al-lowance for support of the children, and general relief.

[7] Divorce, 19 C. J. § 815.
   241—Mich.—7.

A hearing was had. The decree that followed dismissed plaintiff's bill, gave defendant absolute divorce on her cross-bill and custody of the children. He was given the right to visit the children at the home of the mother in Windsor and was ordered to pay the clerk of the court to be turned over to the mother for the support of the children, $10 each week from the date of the decree until the youngest child reached the age of 18 years. Other provisions of the decree are not material on the issues presented by the appeal. From the decree plaintiff appealed.

His counsel's first contention is that under the proofs plaintiff and not defendant should have been granted divorce. The action of the court in refusing him and granting her divorce was fully justified by the proofs.

Counsel's further contention is that without providing plaintiff opportunity for visitation of the children in this State the decree, if otherwise proper, was unauthorized to the extent it obligates him to contribute towards their support, citing *Myers* v. *Myers,* 143 Mich. 32, and *Meyers* v. *Meyers,* 161 Mich. 487. Neither case is in point. The controlling facts of both are substantially alike. The parents entered into an agreement to become effective if divorce was granted, giving custody of the child to the mother and providing for its support and visitation by the father. The father in each case was relieved from further payment of support money to the mother on the ground that removal of the child from the State by the mother, which interfered with the father's right of visitation, constituted a violation of the agreement by her. The question there was one of contract. The authority of a court of equity to place the custody of a child of divorced parents with a nonresident mother and charge the father with its support was not involved or passed upon in either of the cases cited.

Where a decree of divorce is granted, the court may

make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of minor children of the parties, and may determine with which of the parties the children, or any of them, shall remain.    3 Comp. Laws 1915, § 11407.

The rule is universal that a child of divorced parents is a ward of the court and that, in providing for its care, custody, maintenance, and education, the paramount consideration shall be its welfare.    To that welfare, the claims and personal rights and desires of parents and even the wishes of the child must yield. *Corrie* v. *Corrie,* 42 Mich. 509; *Weiss* v. *Weiss,* 174 Mich. 431; 19 C. J. p. 343, and cases in note.

Where, in the fair and impartial exercise of its wise discretion, the court finds it conducive to the best interests of the child to do so, it is authorized by the statute cited to award its custody to a parent who resides without the State, and in this or a foreign country, and, where the custody is awarded the mother, to charge the father with the child's maintenance and support.

Access to the child by the parent denied custody is an important right.    It is recognized that awarding custody to a nonresident parent may render the privilege of visitation impracticable in many cases. That privilege is not an absolute right but one which must yield to the good of the child.    *Waldref* v. *Waldref,* 135 Minn. 473 (159 N. W. 1068); *Bedolfe* v. *Bedolfe,* 71 Wash. 60 (127 Pac. 594); 19 C. J. p. 348. Its feasible exercise should be safeguarded by the decree, but only to the extent it may be done without opposing the best interest of the child.    Where the proofs are convincing the welfare of the child demands that course be taken its custody may and should be awarded to the nonresident parent notwithstanding the effect may be the defeat of visitation by the resident parent.

That a father is deprived of access to his child by a divorce decree does not relieve him from obligation to support it. Whether he is refused the right of visitation because found unfit, or its exercise is obstructed by permitting the residence of the child in a foreign jurisdiction, he may nevertheless be charged with its maintenance. A contrary rule would be preposterous. It would mean that a husband and father who applied for and obtained a divorce in this State from his wife residing with their child in, for example, a country of Europe, or against whom a divorce is granted on the cross-bill of the nonresident wife, is to be relieved of all obligation to contribute to the support of the infant unless it is brought across the ocean to facilitate his right of visitation. Under the proofs in this case the court could not do otherwise than conclude the best interest of the children demanded they be placed in the custody of the mother at her home in Windsor.

The decree is affirmed, with costs of this court to defendant.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.