## LEM v. LEM.

1. DIVORCE—CUSTODY OF CHILDREN—JURISDICTION—MODIFICATION OF JUDGMENT.

   The trial court which granted judgment of divorce and custody of children retains jurisdiction of the custody of the children to modify its judgment (CL 1948, § 552.17).

2. SAME—MODIFICATION OF JUDGMENT—CUSTODY OF CHILDREN—DISCRETION OF COURT.

   Modification of the custody provisions of a judgment of divorce, made by the trial court which granted the divorce and made original custody determination, will not be reversed on appeal unless there was an abuse of discretion (CL 1948, § 552.17; CLS 1961, § 552.17a).

3. SAME—CUSTODY OF CHILDREN—MODIFICATION OF JUDGMENT.

   Modification of judgment of divorce by trial court which permitted mother to remove her 2 children from the State and increased support payments to be made by father while children were in Michigan will not be reversed where there was no abuse of discretion (CL 1948, § 552.17; CLS 1961, § 552-.17a).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 813.
[2] 24 Am Jur 2d, Divorce and Separation § 820.
[3] 24 Am Jur 2d, Divorce and Separation §§ 674, 798, 817.

Appeal from Kalamazoo, Sweet (Lucien F.), J. Submitted Division 3 May 8, 1968, at Marquette. (Docket No. 4,235.)   Decided June 27, 1968.

Motion by Edna G. Lem against James W. Lem to modify judgment of divorce by allowing mother to move children out of Michigan, and increasing support payments. Judgment modified. Defendant appeals. Affirmed.

*Robert W. Newland,* for plaintiff.

*Frederick A. Sauer, Jr.,* for defendant.

McGREGOR, J.   At issue here is whether or not a circuit court has authority to amend a judgment of divorce to grant the plaintiff mother permission to permanently remove her two children from the State, when the judgment of divorce gave the support-paying father rights of visitation.

An uncontested divorce judgment granted July 20, 1964, gave the mother custody of the two children, gave the father reasonable visitation rights, and provided that the father pay $22.50 weekly for support of the children, plus group medical and hospitalization insurance for their protection. The judgment also contained the required language concerning the necessity of obtaining approval of the court to remove the children from the State of Michigan.

The mother's petition for modification of the judgment of divorce was filed July 6, 1967, praying for permission of the court to remove the two children to California to live, and also for an increase in support payments. Such petition alleged that the defendant-father's earnings had increased from $80 or $85 at the time of the divorce to $115 weekly

at present. The father's answer thereto admitted current earnings of $114 weekly, but denied that the reasons given by the mother could be the basis for a modification of the divorce judgment. Concurrently, the father filed a cross-petition for modification of the judgment of divorce, seeking custody of the two children.

On August 1, 1967, the court denied the father's cross-petition and granted relief to the mother. The order allowed her to remove the children to California, increased the support payments required of the father to $34.50 per week, but provided that if and when the mother took the children to California the support payments should be reduced to $22.50 per week, to continue at the reduced amount so long as the children resided outside the State of Michigan. This modification also provided that the father should have the right to have the two children for six weeks during summer vacations if he had an approved home and paid their round-trip transportation for the visits.

From this order of modification of the divorce judgment the father appeals, contending the trial court abused its discretion and that GCR 1963, 729.4* does not specify the basis of the modification nor provide any guidelines for determination of the appropriate circumstances permitting the removal of a child from this State.

In its comprehensive opinion, given from the bench, the trial court stated:

---

* GCR 1963, 729.4: "Child Custody. The judgment awarding custody of a child or children shall provide:

"(1) That the domicile of the child shall not be removed from the State of Michigan without the approval of the judge who awarded custody, or his successor; and

"(2) That the parent awarded custody shall promptly notify the friend of the court whenever the child is moved to another address."

"The defendant husband remarried in April of this year. * * *

"Defendant * * * never contested this divorce case. * * * He did not contact the investigator to tell his side of the story so far as the children were concerned. * * * Although he was given liberal visitation rights under the terms of the judgment, he hasn't exercised those rights. * * *

"He had the children 5 days in 4 years. * * *

"He has been indifferent in exercising his visitation rights, * * * he is not going to be greatly put out or concerned by not being able to exercise visitation rights afforded to him in a judgment of divorce in the future if the plaintiff moves to California. * * *

"The defendant has been paying far less than his present earnings would require."

The court said of the plaintiff mother, in relation to defendant's claim of her mistreatment of the children:

"There is no basis for this finding from this court by the testimony presented."

Neither the father nor the mother give any citations, common-law or statutory, in support of their contentions. It is basic in the law of this State that the trial court retains jurisdiction of the custody of the children in a divorce case, CL 1948, § 552.17; CLS 1961, § 552.17a (Stat Ann 1957 Rev §§ 25.97, 25.97[1]); *Kanser* v. *Kanser* (1967), 6 Mich App 26; *Hentz* v. *Hentz* (1963), 371 Mich 335, and that the findings of the trial court on modification will not be reversed unless there is an abuse of discretion, *Puzzuoli* v. *Puzzuoli* (1966), 3 Mich App 594; *McLay* v. *McLay* (1958), 354 Mich 19, which we do not have here.

Affirmed. Costs to appellee.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.