## WILLIAMS *v.* WILLIAMS

DIVORCE—CUSTODY OF CHILDREN.

The best interests of the children involved is the matter of primary importance in an appeal from trial court's order relative to custody of children of divorced parents; therefore where the record is inadequate as to the children's current situation a hearing must be held to determine current facts and provide for a custody order which, in the opinion of the court, would be in the best interests of the children, since it would be undesirable to base a custody decision on inadequate information.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 1 June 10, 1969, at Detroit. (Docket No. 4,854.) Decided July 8, 1969.

Complaint by Joseph L. Williams against Vivian E. Williams for divorce. Judgment for plaintiff. Judgment modified to award custody of two minor children to plaintiff. Defendant appeals. Remanded for custody hearing.

*Ashley Gorman,* for plaintiff.

*Calvin C. Rock* (*Norman L. Zemke* of counsel), for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 783.
Child's wishes as factor in awarding custody. 4 ALR3d 1396.

Per Curiam: This appeal arises from an order of the Macomb county circuit court dated December 5, 1967, modifying an earlier judgment of divorce. Joseph L. Williams, plaintiff, filed suit for divorce in the Macomb circuit court on September 24, 1965, and on October 5, 1965, the complaint was answered by defendant Vivian E. Williams. A cross-bill was subsequently filed by defendant in January of 1966.

It appears from the record that the parties were married July 2, 1955 and separated in 1965. The children of the marriage are Richard J. Williams, born November 13, 1956; Ronald L. Williams, born April 14, 1958; and Terry A. Williams, born April 27, 1965. Prior to the entry of the judgment of divorce, the parties had agreed on a property settlement and custody and support of the minor children. It was agreed that defendant should have custody of the three minor children.

On June 3, 1966, before judgment was entered, defendant removed the three children to the home of her parents in South Carolina without prior approval of the court. On July 11, 1966, an order was entered permitting the father to pick up the children from their mother's home and return them to Michigan for visitation of approximately two weeks. A judgment of divorce was finally entered on August 12, 1966, giving custody of the three children to defendant, but restricting her from permanently removing them from the State of Michigan without prior consent of the court. On December 5, 1967, the court modified the judgment of divorce and awarded custody of the two oldest children to the plaintiff, in agreement with a recommendation by the friend of the court.

We are asked to address ourselves to the question of whether the circuit court abused its discretion in modifying the judgment of divorce and removing

custody of the two oldest children, both under the age of twelve, from the mother and placing them in the custody of the father.

As both parties readily agree, the matter of primary importance in the case at bar is the best interests of the children involved. See *Koeppen* v. *Koeppen* (1968), 11 Mich App 147; *In re Ernst* (1964), 373 Mich 337.

Considerable time has elapsed since the modification of the judgment and the change of custody. The record does not reflect the current circumstances with respect to the children and their parents. We think it would be undesirable for us to attempt to resolve the question of what custody order would be in the best interest of the children on the stale and inadequate record presented.

We therefore remand this case to the circuit court with instructions to conduct a hearing before a new trial court for the purpose of making further and complete findings of the current facts and for the entry of that custody order which in the court's judgment will be in the best interest of the children. It is further ordered that said hearing be conducted and the custody order entered if at all possible before August 15, 1969.*

Remanded. No costs.

---

* Date chosen to permit decision before the opening of the school year.