BYLINSKI v. BYLINSKI

1. DIVORCE—CHILD CUSTODY—CONTEMPT—PUNISHMENT—STATUTES.

A trial court cannot order a change of custody of minor children of the parties in a divorce action as punishment for contempt of court for refusal to obey the provisions of the judgment of divorce regarding the father's visitation privileges; by statute, the only punishment available was fine or imprisonment (MCLA § 600.1701).

2. DIVORCE—CHILD CUSTODY—CHANGE OF CUSTODY.

Custody of minor children of the parties is returned to the mother who was awarded custody in the judgment of divorce where, on an order to show cause to hold her in contempt of court for failure to permit the father to exercise visitation rights awarded him, no hearing was held focusing on issues of whether the mother was fit to have continued custody, the fitness of the father to have custody, and whether the best interests of the children required a change of custody.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 June 5, 1970, at Detroit. (Docket No. 8,182.) Decided July 2, 1970.

Complaint by Mary T. Bylinski against Stanley J. Bylinski for divorce. Judgment for plaintiff, modified to award custody of children to defendant. Plaintiff appeals. Remanded.

*Norman L. Zemke,* for plaintiff.

*Allen Tendler,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 812, 820.
[2] 24 Am Jur 2d, Divorce and Separation §§ 810, 812, 820.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM. The litigants were divorced on January 10, 1969 and custody of their two minor children was awarded to the plaintiff. The defendant was awarded specific visitation rights. During the months following the divorce, plaintiff repeatedly refused to permit defendant to visit the children. Several show-cause orders were entered requiring the plaintiff to show why she should not be held in contempt for failure to permit defendant to exercise visitation rights. On August 18, 1969, the trial court determined that plaintiff was in contempt of court for this failure.

The trial judge concluded that plaintiff was morally unfit to retain custody of her children and that it would be in their best interest for defendant to have their care and custody. A contempt order was entered stating that plaintiff was in contempt of court for refusal to obey the order of the court as set forth in the divorce judgment regarding visitation privileges. The order further provided for the change of custody.

MCLA § 600.1701 [Stat Ann 1962 Rev § 27A.1701] states:

"Supreme court, circuit courts, and all other courts of record, have power to punish *by fine or imprisonment,* or both, persons guilty of any neglect or violation of duty or misconduct in the following cases:

\* \* \*

"Parties to actions, attorneys, counselors, and all other persons for the nonpayment of any sum of money which the court has ordered to be paid, in cases where by law execution cannot be awarded for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the collection of the sum, or the disobedience of or refusal to comply with any order of the court for the payment of temporary or permanent alimony or support money or costs made in any action for divorce or separate maintenance, or any other disobedience to any lawful order, decree, or process of the court." (Emphasis supplied.)

The contempt order having been entered because of failure to comply with a lawful court order, the only punishment available to the court was fine or imprisonment. The trial court, therefore, could not order a change of custody as a punishment for contempt. *Kaiser* v. *Kaiser* (1958), 352 Mich 601. Furthermore, no hearing was held focusing on issues of whether the mother was fit to have continued custody of the children, the fitness of the father to have their custody, and whether the best interests of the children required a change of custody.

We therefore remand the case to the circuit court with instructions to conduct a hearing before a new trial court, *Williams* v. *Williams* (1969), 18 Mich App 305, for proper determination on the order to show cause on the contempt. Custody of the children is returned forthwith to plaintiff.