HUTCHINS v HUTCHINS

Docket No. 77-4062. Submitted May 9, 1978, at Lansing.—Decided June 19, 1978.

Gary Hutchins commenced a divorce action against Linda Hutchins. Linda Hutchins filed a counter-complaint. A divorce was granted and the custody of the couple's two minor children was awarded to the defendant, Linda Hutchins. The divorce judgment provided that the domicile or residence of the minor children shall not be removed from the State of Michigan without the prior approval of the court. The defendant subsequently filed a motion for approval to move the children to Florida. The motion was denied, Oakland Circuit Court, William John Beer, J. Defendant appeals. *Held:*

In deciding on such a motion the best interests of the children are to be considered. The trial judge failed to consider this in reaching his decision.

The matter is reversed and remanded for a hearing before a new trial judge for consideration of the best interests of the children.

BEASLEY, P. J., concurred. He would further hold that such a motion should be routinely granted in the absence of compelling reason to the contrary.

OPINION OF THE COURT

1. DIVORCE—INFANTS—CHILD CUSTODY—REMOVAL OF MINOR CHILDREN FROM STATE—DISCRETION—COURT RULES—STATUTES.

The granting or denial of a motion for approval to remove minor children from the State of Michigan is entrusted to the discretion of the trial judge who granted the divorce judgment containing the custody order; his decision will be affirmed, absent a palpable abuse of discretion (MCL 722.28; MSA 25.312[8], GCR 1963, 729.4[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 24 Am Jur 2d, Divorce and Separation §§ 779, 798.
[2] 24 am Jur 2d, Divorce and Separation §§ 783, 820–824.
[4] 24 Am Jur 2d, Divorce and Separation §§ 791, 793, 794.

2. DIVORCE—INFANTS—CHILD CUSTODY—BEST INTERESTS OF CHILD—
   REMOVAL OF MINOR CHILDREN FROM STATE—STATUTES.

   The "best interests of the child" standard applies not only to
   custody decisions in an original divorce proceeding but also to
   all actions involving a dispute of custody of a minor child; a
   decision on a motion for approval to remove minor children
   from the state should be based on this standard (MCL 722.23,
   722.24; MSA 25.312[3], 25.312[4]).

3. DIVORCE—INFANTS—CHILD CUSTODY—VISITATION—BEST INTERESTS
   OF CHILD—REMOVAL OF CHILD FROM STATE.

   A divorced parent's right to visitation is one factor to be consid-
   ered in determining the best interests of a child when consider-
   ing the other parent's motion for approval to remove the child
   from the state; however, it is not the controlling factor and
   must yield to the best interests of the child.

4. DIVORCE—INFANTS—CHILD CUSTODY—REMOVAL OF MINOR CHILDREN
   FROM STATE—BEST INTERESTS OF CHILD.

   A trial judge's denial of a motion brought by a parent who has
   custody of minor children under a judgment of divorce for
   approval to remove the minor children from the state should be
   reversed and the matter remanded for a hearing to determine
   the best interests of the children where the record indicates
   that the trial judge did not consider the best interests of the
   children in denying the motion.

CONCURRENCE BY BEASLEY, P. J.

5. DIVORCE—INFANTS—CHILD CUSTODY—REMOVAL OF MINOR CHILDREN
   FROM STATE—STATUTES.

   *A motion by a parent who has custody of the children under a
   judgment of divorce for approval to remove the children from
   the state should be routinely granted in the absence of compel-
   ling reasons to the contrary (MCL 600.651 et seq.; MSA
   27A.651 et seq.).*

*Levine & Benjamin, P. C.* (by *Allan H. Tush-
man),* for plaintiff.

*Norman L. Zemke,* for defendant.

Before: Beasley, P. J., and Allen and H. E. Deming, * JJ.

H. E. Deming, J. On April 16, 1976, defendant was awarded a judgment of divorce and custody of her two minor children. That judgment provided that the domicile or residence of said minor children shall not be removed from the State of Michigan without the prior approval of the court, as required by GCR 1963, 729.4(1). Defendant filed a motion to obtain the court's approval to move to Florida with the children, but this motion was denied. Defendant appeals as of right.

The granting or denial of a motion for approval to remove minor children from the State of Michigan under GCR 1963, 729.4(1) is entrusted to the discretion of the trial judge, *Lem v Lem,* 12 Mich App 174; 162 NW2d 683 (1968), and his decision will be affirmed unless he commits a palpable abuse of discretion, MCL 722.28; MSA 25.312(8). Although GCR 1963, 729.4(1) does not specify any guidelines for determining when the trial court should grant the motion to remove the children from the state, see *Lem, supra,* at 176, the decision should be based on the "best interests of the child" standard set out in MCL 722.23; MSA 25.312(3). This standard applies not only in the original divorce proceeding but also in all actions involving a dispute of custody of a minor child, see MCL 722.24; MSA 25.312(4).

The trial judge's opinion does not indicate that he used this standard in determining whether, in the exercise of his discretion, to approve this motion for a change in residence. If anything, the record indicates that the judge denied this motion

* Circuit judge, sitting on the Court of Appeals by assignment.

on the grounds that he never granted a motion for change in residency unless both parents consented to it. While a parent's right to visitation is one factor to be considered, to the extent that it is relevant to determining the best interests of the child, it is not the controlling factor in these cases. The right to parental visitation must yield to the best interests of the child, *Kane v Kane,* 241 Mich 96; 216 NW 437 (1927), *Lewis v Lewis,* 338 Mich 197; 61 NW2d 66 (1953).

After a careful review of the record, we have been unable to discover any discussion of the factors which the statute requires the judge to consider, evaluate and determine. Numerous cases involving child custody have been remanded by this Court because of inadequate findings of fact on the trial record, see, *e.g., Barnes v Barnes,* 77 Mich App 112; 258 NW2d 65 (1977), *In re Custody of James B,* 66 Mich App 133; 238 NW2d 550 (1975), *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975). Therefore, this case is remanded to the circuit court to conduct a new hearing before a new trial court, see *Bylinski v Bylinski,* 25 Mich App 227; 181 NW2d 283 (1970), *Williams v Williams,* 18 Mich App 305; 170 NW2d 850 (1969). In consideration of the best interests of the child, this hearing should be conducted and the order entered as soon as administratively possible. We do not retain jurisdiction.

Reversed and remanded. Costs to defendant.

ALLEN, J., concurred.

BEASLEY, P. J *(concurring).* I concur in the result.

However, I would add that, in the absence of compelling reasons to the contrary, permitting a child to be removed from the State of Michigan to

a new, satisfactory location, should be routinely granted.[1]

We live in a transient society. With respect to the best interests of a child, state boundaries are artificial and meaningless; there is no presumption that bringing up a child in Michigan has any advantage (or disadvantage) over Missouri or Georgia, or any other state. To conclude otherwise would be a meaningless generalization. Restrictions upon where a custodial parent may live, in terms of geography, are not realistic. In every state there are good and bad places to bring up a child. To say that a custodial parent cannot move a child to any location in Florida, solely because it is outside of Michigan and in Florida, is patently arbitrary and capricious.

I do not anticipate that the filing of a petition for removal of a child from the state would be an automatic occasion for a full custody hearing. Only where there are additional facts that give rise to inquiry regarding the well-being and best interests of the child does a change of address indicate a need for anything more than a perfunctory hearing.[2] This is *not* to say that the factor of distance has no effect on visitation rights of the noncustodial parent and, perhaps, on the amount of child support payable.[3]

---

[1] GCR 1963, 729.4(1) and (2) should be considered, together with GCR 1963, 727.2(3) and (4). Reference should also be had to the Uniform Child Custody Jurisdiction Act which became effective March 31, 1976, MCL 600.651 *et seq.;* MSA 27A.651 *et seq.,* which recognizes the transience of our late 20th century society.

[2] As indicated, the application of the Child Custody Act (MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.)* is not automatic, but there may be situations where change of residence or domicile will give rise to their application.

[3] *E.g.,* a trial judge might consider the cost of visiting a child residing in Hawaii as justifying lesser child support. With respect to visitation, we take judicial notice that jet air travel reduces the time between the most distant locations in the United States under ten hours.