ADAMS v ADAMS

Docket No. 49823. Submitted August 20, 1980, at Detroit.—Decided
September 10, 1980. Leave to appeal denied, 409 Mich 935.

Custody of Leslie Adams was given to plaintiff Lynn S. Adams
pursuant to a judgment of divorce from defendant Charles W.
Adams, entered January 8, 1976. Plaintiff subsequently remar-
ried and obtained permission of the trial court to move with
Leslie to Wisconsin. Thereafter, plaintiff petitioned the trial
court for payment of accrued child support, an increase in child
support, attorney fees, and permission to remove Leslie to
Oregon. The trial court granted permission to remove Leslie
and modified defendant's visitation schedule. Plaintiff failed to
obey the schedule, and upon her failure to personally appear
before the trial court and show cause as ordered, the court
found her in contempt, expanded Leslie's scheduled Christmas
visit with defendant, and set a date for hearing defendant's
request for a change of custody. Plaintiff moved to quash the

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 779.
   42 Am Jur 2d, Infants § 43.
[2] 24 Am Jur 2d, Divorce and Separation §§ 819, 820.
[3] 24 Am Jur 2d, Divorce and Separation §§ 810, 820.
[4] 24 Am Jur 2d, Divorce and Separation §§ 817, 820.
[5] 24 Am Jur 2d, Divorce and Separation § 796.
[6, 7] 24 Am Jur 2d, Divorce and Separation § 793.
   59 Am Jur 2d, Parent and Child § 43.
   Right, in child custody proceedings, to cross examine investigating
   officer whose report is used by court in its decision. 59 ALR3d
   1337.
[8] 46 Am Jur 2d, Judges §§ 167, 172.
   Disqualification of judge for bias against counsel for litigant. 23
   ALR3d 1416.
[9] 20 Am Jur 2d, Courts §§ 88, 105.
[10, 11] 24 Am Jur 2d, Divorce and Separation §§ 452, 792, 812.
[11] 61 Am Jur 2d, Pleading §§ 338-347.
[12] 61 Am Jur 2d, Pleading § 69.
[13] 61 Am Jur 2d, Pleading § 205.
[14] 24 Am Jur 2d, Divorce and Separation § 783.
   42 Am Jur 2d, Infants § 43.

finding of contempt and to dismiss or adjourn the change of custody hearing. The trial court denied plaintiff's motion to dismiss or adjourn the change of custody hearing and reserved its ruling on her motion to quash. Plaintiff moved to disqualify the trial judge, which motion was denied by Washtenaw Circuit Court, Patrick J. Conlin, J., and William F. Ager, Jr., J. Following the change of custody hearing, an order was entered transferring custody of Leslie to defendant and ordering that plaintiff's visitation with Leslie be directly supervised by the Washtenaw friend of the court, Washtenaw Circuit Court, Patrick J. Conlin, J. Defendant then went to Oregon with the court's order and removed Leslie to Michigan following an overnight visit ordered by an Oregon court. Plaintiff moved for a new trial, additional findings, and a stay pending appeal, which motions were denied by the trial court, which also ruled that defendant had shown cause why he should not be held in contempt for illegally and prematurely enforcing the orders of the court, and why possession of the minor child should not be returned to plaintiff. Plaintiff filed a claim of appeal and motions for immediate consideration, a stay pending appeal, and the return of the minor child. The motion for immediate consideration was granted, but the motions for stay and return of the child were denied. An emergency application for leave to appeal to the Michigan Supreme Court was, likewise, denied. *Adams v Adams,* 408 Mich 874 (1980). Plaintiff alleges that there was no evidence to support the ordered change of custody and that the trial court erred in relying on visitation disputes in deciding the change of custody, that the trial court erred in refusing to admit into evidence a report prepared by the Oregon Conciliation Service, that the trial court erred in refusing to disqualify the trial judge, and that defendant did not properly invoke the jurisdiction of the circuit court over his petition to change custody, because he requested such relief in answer to plaintiff's petition. *Held:*

1. A change in circumstances sufficient to justify a change in custody was not established by clear and convincing evidence. Great emphasis was placed by the trial court on plaintiff's violation of the visitation schedule and the question of her contempt, which significantly diminished its finding of fact with respect to the capacity of the plaintiff to give her child love and guidance and a stable, satisfactory environment. Further, the trial court did not resolve the petition for change of custody on the record as it stood at the time of the hearing, but rather on the trial judge's assumption that plaintiff and her husband

would continue to move from one state to another. Such disputes are not a proper basis for changing custody.

2. The report from the Oregon Conciliation Service is akin to a report from a Michigan friend of the court which, absent stipulation by the parties, is not admissible in evidence.

3. Plaintiff did not show actual personal prejudice on the part of the trial judge so as to mandate disqualification.

4. Defendant's request for change of custody did not contain a verified pleading as required by court rule. However, plaintiff did not establish any manifest injustice arising from the form in which the issue was presented, and, in light of the avowed policy of the state that the best interests of the child are paramount in disputes over custody, on remand, defendant should be given a reasonable amount of time to file a proper petition. If such petition is not brought, the request should be dismissed.

Reversed and remanded. Custody to be returned to plaintiff in the interim, with a reasonable visitation schedule for defendant to be set by the trial court.

1. PARENT AND CHILD — CHILD CUSTODY — ORDERS AND JUDGMENTS — APPEAL — STATUTES.

All orders and judgments of a circuit court in a child custody dispute shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. PARENT AND CHILD — CHILD CUSTODY — ORDERS AND JUDGMENTS — CUSTODIAL ENVIRONMENT — STATUTES.

A trial court shall not modify or amend its previous judgments or orders or issue a new order in a child custody dispute so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interests of the child (MCL 722.27[c]; MSA 25.312[7][c]).

3. PARENT AND CHILD — CHILD CUSTODY — BASIS FOR CHANGE.

Disputes regarding visitation and contempt are not a proper basis for changing custody.

4. PARENT AND CHILD — CHILD CUSTODY — CHANGES IN RESIDENCE.

A trial court must resolve a petition for change of custody on the record as it stands at the time of hearing, and emphasis by the trial judge on a party's previous changes of residence and an assumption that such changes will continue is improper.

5. PARENT AND CHILD — CHILD CUSTODY — DOMICILE OF CUSTODIAL
   PARENT.

Geographical restrictions on the domicile of a custodial parent
are not realistic; there is no presumption that bringing up a
child in one state has any advantage over another.

6. COURTS — CHILD CUSTODY PROCEEDINGS — REPORTS FORWARDED
   FROM OTHER STATES — STATUTES.

A Michigan court may request the appropriate court of another
state to have social studies made with respect to the custody of
a child involved in proceedings pending in the Michigan court,
and such reports may be admitted into evidence (MCL
600.669[1]; MSA 27A.669[1]).

7. EVIDENCE — FOREIGN AGENCY REPORTS — CHILD CUSTODY PROCEED-
   INGS — ADMISSIBILITY — WITNESSES.

A report prepared in another state by an agency akin to a
Michigan friend of the court is inadmissible as hearsay in a
child custody proceeding in a Michigan court where such a
report was not ordered by the court, absent a stipulation by the
parties, but a party offering the report may present its author
as a witness.

8. JUDGES — DISQUALIFICATION — PREJUDICE — COURT RULES.

Actual personal prejudice for or against a party or his attorney
must be shown before disqualification of a trial judge is man-
dated (GCR 1963, 912.2[2]).

9. COURTS — SUBJECT MATTER JURISDICTION — DEFINITION.

Subject matter jurisdiction is the court's right to exercise judicial
power over a class of cases; not the particular case before it,
but rather the abstract power to try a case of the kind and
character of the one pending.

10. DIVORCE — JURISDICTION OVER CHILDREN — PLEADING — STAT-
    UTES.

Jurisdiction over children of divorced parents remains in the
court which granted the divorce until the youngest child at-
tains the age of eighteen, and this jurisdiction is not lost
because of the manner in which a pleading is drafted (MCL
552.17a; MSA 25.97[1]).

11. PLEADING — AFFIRMATIVE RELIEF — CHILD CUSTODY — VERIFICA-
    TION — COURT RULES.

All pleadings seeking affirmative relief in child custody matters
must be verified by oath, which may be made by someone,
other than a party, having knowledge of the facts pleaded,

which knowledge may be acquired upon information and belief (GCR 1963, 725.1).

12. PLEADING — NOTICE — RESPONSE — COURT RULES.

A pleading must give notice of the nature of a claim sufficient to permit the preparation of a meaningful response by an opposing party (GCR 1963, 111.1).

13. PLEADING — VAGUENESS — REMEDIES — COURT RULES.

A party, unable to frame a meaningful response to an opponent's request for a change of custody of a minor child because the pleading is so vague that it fails to comply with court rules, should move for a more definite statement or, in the alternative, move to strike (GCR 1963, 115.1, 115.2).

14. PARENT AND CHILD — CHILD CUSTODY — STATUTES.

The best interests of the child are paramount in disputes over child custody (MCL 722.25; MSA 25.312[5]).

*O'Brien, Moran & Dimond,* for plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Robert L. Henry, Jr.),* for defendant.

Before: J. H. GILLIS, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

J. H. GILLIS, P.J. Plaintiff appeals as of right from the January 25, 1980, order of the Washtenaw County Circuit Court awarding a change of custody of her minor daughter, Leslie, from plaintiff to defendant.[1]

Plaintiff raises five issues on appeal, only one of which requires lengthy discussion: whether the

[1] Defendant challenges the content of plaintiff's claim of appeal in the counterstatement of facts contained in his brief on appeal. As the claim of appeal references this Court to the trial court's February 14, 1980, order denying a new trial, etc., rather than the order changing custody, defendant asserts that plaintiff failed to comply with GCR 1963, 805(1). While defendant is technically correct, he has failed to allege that he has been prejudiced thereby. We, therefore, find that plaintiff's claim of appeal should be treated as referenced to the order changing custody. See, *Wagner v Myers,* 355 Mich 62, 67; 93 NW2d 914 (1959).

trial court's order changing custody of the minor child was premised on "findings of fact against the great weight of the evidence", or evidenced a "palpable abuse of discretion or a clear legal error on a major issue". MCL 722.28; MSA 25.312(8). Plaintiff asserts that there is no evidence to support the ordered change but, rather, that the trial judge impermissibly relied on visitation disputes to find that the child's best interests are better served by placing custody in her father.

On January 8, 1976, judgment of divorce was entered in Washtenaw County Circuit Court. At that time, custody of Leslie Adams was given to plaintiff. Thereafter, plaintiff married William Kucharski, and, on September 7, 1977, plaintiff obtained the trial court's permission to move to Wisconsin with Leslie and plaintiff's new husband.

On July 26, 1979, plaintiff petitioned the Washtenaw County Circuit Court for payment of accrued child support, for increase in child support, for attorney fees, and for permission to remove Leslie to Oregon because Mr. Kucharski had changed jobs. Defendant answered plaintiff's petition and requested the court to deny all of plaintiff's requests and award permanent custody of Leslie to defendant or condition plaintiff's right to remove the child to Oregon on a modification of the visitation schedule and plaintiff's agreement to pay travel costs associated therewith.

Plaintiff's petition was argued on August 15, 1979, and the trial court orally granted permission to remove the child to Oregon. The judge also set up a modified visitation schedule, denied the request for attorney fees, and referred defendant's request for custody to the friend of the court. An order in accord with the terms set at the hearing was entered on October 31, 1979. In the meantime,

on August 24, 1979, the Washtenaw County friend of the court filed its recommendation that custody of the child remain in plaintiff.

On December 5, 1979, a petition for order to show cause was filed by the Washtenaw County friend of the court. The petition asserted that plaintiff had violated the October 31, 1979, order modifying judgment of divorce by failing to insure that the minor child spent Thanksgiving with her father. An order to show cause was issued on December 5, 1979; plaintiff was ordered to appear and show cause on December 19, 1979. On that date, plaintiff failed to appear personally. The trial court entered an order finding plaintiff in contempt for her failure to obey the October 31, 1979, visitation schedule, expanding the scheduled Christmas visit, and setting hearing on defendant's request for change of custody for January 11, 1980.

On January 4, 1980, plaintiff's present attorney filed an appearance as co-counsel, a motion to quash the finding of contempt, and a motion to dismiss or adjourn the change of custody hearing. These motions were argued on January 9, 1980, and resulted in the trial judge's statement that he probably would set aside the finding of contempt because it was not made on the record in the presence of plaintiff's attorney, but he would reserve his ruling on the question until after the custody hearing. Plaintiff's motion to dismiss or adjourn the change of custody hearing, which was argued to be premised in part on the trial court's earlier statement that he would probably change custody to defendant, was denied. The trial judge stated that he would hear all the evidence before he ruled on the custody question and that plaintiff's request for an adjournment because of the

unavailability of an expert witness could not be granted because the hearing would proceed as scheduled.

Although it is not clear from the lower court file, the January 11, 1980, hearing on the proposed custody change was adjourned to January 18, 1980, apparently due to a blizzard in Oregon which prevented plaintiff from traveling. On January 18, 1980, counsel first argued plaintiff's motion to disqualify the trial judge under GCR 1963, 912.2(2), (7). Plaintiff premised her motion on: (1) the trial judge's prior statement that he would award custody to the friend of the court before he heard the evidence because of the visitation disputes, (2) the trial court's personal attitude toward plaintiff's attorney, and (3) plaintiff's fear that the court was biased against her. The trial court denied the motion, and Judge Ager, who heard the same motion immediately thereafter, also denied it. Judge Ager's reasoning was that a showing of actual prejudice was required, and no prejudice had been established.

On January 21, 1980, the custody hearing began. Although neither plaintiff nor the minor child appeared, plaintiff's attorney was present. The only witnesses to testify before the trial court were presented by defendant. At the close of defendant's proofs, the trial court ruled: (1) that the friend of the court's recommendation that plaintiff retain custody of the child was stipulated as an exhibit, (2) That an unsolicited Oregon Conciliation Service report on Leslie was inadmissible under the hearsay rule, and (3) that plaintiff's motion for an adjournment in order to present the author of the foregoing report was denied. Finally, the trial judge set January 23, 1980, as the date he would give his opinion on the merits of the proposed custody change.

On January 23, 1980, the trial judge issued his opinion from the bench. In substance, he discussed each of the criteria for determining the child's best interests under MCL 722.23; MSA 25.312(3). First, however, the judge detailed plaintiff's moves to Wisconsin and to Oregon, the order setting forth a "specific visitation schedule" which was "immediately violated * * * within a month" by plaintiff, plaintiff's failure to personally appear before the court on the matter of the violation, the fact that plaintiff's present attorney was the "third attorney involved in this case" on her behalf, the court's belief that plaintiff was in contempt of court, (although it would not hold that she was in contempt because "[a]lthough [he] did mean to hold her in contempt [he] did neglect to do so" at the hearing on the issue), and, finally, his opinion that "* * * there is clear and convincing evidence that there must be a change in custody".

The trial court's review of the statutory criteria provided in pertinent part as follows:

The love, affection and other emotional ties existing between the competing parties and the child —

. Equal.

The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any —

Plaintiff did not have the requisite capacity and disposition to give Leslie the love or guidance to which she is entitled because plaintiff had "* * * continually done every [thing] that she [could] to avoid th[e] Court's orders in setting up visitation. * * * She [did] not want the child to know its

father. * * * [S]he use[d] the child as a tool, too, in the opinion of this Court to do the child harm and to do damage to the child and the father because of her evident hatred for Mr. Adams." Also, the record established that the child had been educated in three different school systems although she is only in fourth grade, but that defendant could provide Leslie with a stable educational environment.

The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs —

Defendant would be the "better provider" because there was no evidence to establish plaintiff's capability in this regard, because plaintiff and her husband moved from job to job, and because defendant had remained in the same job for approximately eight years.

The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity —

The record showed that Leslie had not lived in a stable and satisfactory environment. She had been moved three times "* * * and her mother ha[d] done nothing but * * * abus[e] the child in some manner to get back at her husband and usually this [was] done by visitations".

The permanence, as a family unit, of the existing or proposed custodial home —

Neither party has been married to their present spouses long enough to make a determination.

The moral fitness of the competing parties —

Both parties had resolved "any unfitness that they may have had" and both were happily married.

The mental and physical health of the competing parties —

Equal.

The home, school and community record of the child —

While Leslie had a school record, she did not have "much" of a home or community record because she had moved too much.

The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference —

No determination was made because plaintiff "denied th[e] court the ability to talk to the child".

Any other factor considered by the court to be relevant to a particular child custody dispute —

None.

An order was entered on January 25, 1980, transferring custody of Leslie to defendant and ordering that plaintiff's visitation with Leslie be supervised directly by the Washtenaw County friend of the court. On January 30, 1980, plaintiff filed a motion for new trial, for additional findings, and for stay pending appeal. Each motion was denied.
The latter order also ruled that defendant had

shown cause why he should not be held in contempt for "illegally and prematurely enforcing the orders of th[e] court, and why possession of the minor child should not be returned to [plaintiff]". This ruling referred to the fact that, after the court ordered a transfer of custody, defendant went to Oregon with the order and removed Leslie to Michigan during an overnight visit which had been ordered by an Oregon court. In their briefs, the parties have each referred to court proceedings which were ongoing in Oregon between late 1979 and early 1980. We have not detailed these proceedings, because they are not at issue here.

On February 14, 1980, plaintiff filed in this Court a claim of appeal, a motion for immediate consideration, a motion for a stay pending appeal, and a motion for the return of the minor child. The motion for immediate consideration was granted, but the motions for stay and return of the child were denied by another panel of this Court on February 27, 1980. An emergency application for leave to appeal to the Michigan Supreme Court was, likewise, denied, *Adams v Adams,* 408 Mich 874 (1980). In this context, the appeal is now before this Court for decision.

Under MCL 722.28; MSA 25.312(8), "* * * all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue". Further, a trial court "* * * shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interests of the child". MCL 722.27(c); MSA 25.312(7)(c). See

*Outcalt v Outcalt,* 40 Mich App 392, 395; 198 NW2d 779 (1972), and *Bahr v Bahr,* 60 Mich App 354, 356-357; 230 NW2d 430 (1975), *lv den* 394 Mich 794 (1975).

In the instant case, it does not appear that a change in circumstances, sufficient to justify a change in custody, was established by clear and convincing evidence. As can be seen from the foregoing summary of the trial judge's oral opinion, great emphasis appears to have been placed on the plaintiff's violation of the visitation schedule. The trial judge noted the most recent violation and the contempt proceedings arising therefrom before he delivered his opinion. Despite the fact that plaintiff was not, in the end result, held in contempt, the judge twice reiterated his belief that plaintiff had been in contempt of court because of the alleged violation. The subject of the visitation dispute arose again in the court's discussion of factors (b) and (d) of the statutory criteria for determining the child's best interests, when the judge noted that plaintiff's capacity to give the child love, affection and guidance was impaired by her efforts to "* * * avoid th[e] Court's orders in setting up visitation" and that Leslie had been denied a stable and satisfactory environment in part because of her mother's attitude about visitations. The other factors on which the trial court ruled in defendant's favor were so ruled upon because plaintiff and her husband moved twice in four years, and future moves were anticipated by the court, and because the plaintiff did not appear at the hearing.

Disputes regarding visitation and contempt are not a proper basis for changing custody. *Kaiser v Kaiser,* 352 Mich 601, 603; 90 NW2d 861 (1958), *Parrott v Parrott,* 53 Mich App 635, 639-640; 220

NW2d 176 (1974), and *Bylinski v Bylinski,* 25 Mich App 227, 229; 181 NW2d 283 (1970). Because the trial court relied extensively on plaintiff's visitation violations, the impact of its findings of fact as to factors (b) and (d) of the statutory criteria for determining the child's best interests is significantly diminished.

The trial judge's emphasis on the fact of plaintiff's moves to Wisconsin and to Oregon and on his assumption that plaintiff and her husband would continue to move from one state to another was similarly improper. As Judge BEASLEY noted in his concurrence to *Hutchins v Hutchins,* 84 Mich App 236, 240; 269 NW2d 539 (1978):

> "We live in a transient society. With respect to the best interests of a child, state boundaries are artificial and meaningless; there is no presumption that bringing up a child in Michigan has any advantage (or disadvantage) over Missouri or Georgia, or any other state. To conclude otherwise would be a meaningless generalization. Restrictions upon where a custodial parent may live, in terms of geography, are not realistic. In every state there are good and bad places to bring up a child."

Further, the trial court must resolve a petition for change of custody on the record as it stands at the time of hearing. In this case, the court's belief that plaintiff and her husband would continue to move in the future is not established by record evidence.

Our analysis of the record as a whole discloses that the majority of the findings of fact are based upon speculation or are mere conclusions arising from improper consideration of the visitation problem. This type of analysis does not satisfy GCR 1963, 517.1. *Stevens v Stevens,* 86 Mich App 258, 262; 273 NW2d 490 (1978), and *Zawisa v Zawisa,* 61 Mich App 1, 3; 232 NW2d 275 (1975). We,

therefore, reverse the trial court's order and remand for another hearing on defendant's request to change custody. See, *Zawisa, supra,* 5. Such hearing shall be held as soon as administratively possible, so that Leslie need not be faced with any unnecessary change of school system, friends, and familiar educational environment. In the interim, custody of Leslie is to be returned forthwith to plaintiff, and the trial court shall set a reasonable visitation schedule for defendant.

On remand, several of the incidental issues raised by plaintiff may arise again. To preclude another appeal with regard to such matters, the following abbreviated discussion is in order.

Plaintiff claims that the trial court erred in refusing to admit into evidence a report prepared by the Oregon Conciliation Service after an interview with Leslie. MCL 600.669(1); MSA 27A.669(1), provides that a "court of this state may request the appropriate court of another state * * * to have social studies made with respect to the custody of a child involved in proceedings pending in the court of this state * * *". A certified copy of such report may then be forwarded to the Michigan court which requested it. The report plaintiff sought to have admitted was not ordered by the Washtenaw County Circuit Court or by the Oregon court, however. Thus, the statute does not mandate the report's admission into evidence.

Defendant asserts that the report is also inadmissible as hearsay. We agree. The report from the Oregon Conciliation Service is akin to a report from a Michigan friend of the court office; the latter is not admissible in evidence unless the parties so stipulate. *Sweet v Sweet,* 329 Mich 251, 256; 45 NW2d 58 (1950), *Dempsey v Dempsey,* 96 Mich App 276; 292 NW2d 549 (1980). On remand,

if a stipulation cannot be negotiated, plaintiff always has the option of presenting the author of the report as a witness, so long as this can be done without the necessity of requesting an adjournment.

As to plaintiff's motion to disqualify the trial judge, it is well recognized that actual personal prejudice must be shown before disqualification is mandated under GCR 1963, 912.2(2). *People v Page,* 83 Mich App 412, 419; 268 NW2d 666 (1978), *People v Lobsinger,* 64 Mich App 284, 285; 235 NW2d 761 (1975), *lv den* 395 Mich 802 (1975). A review of the record does not disclose the existence of actual prejudice on the part of the judge. On remand, however, if the judge who has presided over this case through every motion, petition, and show cause hearing considers himself no longer able to render an objective, unbiased opinion, reassignment to another judge should be effectuated with all due speed.

Finally, we address plaintiff's assertion that defendant did not properly invoke circuit court jurisdiction over his "petition" to change custody because he requested such relief in his answer to plaintiff's petition for accrued child support, etc. Plaintiff's argument is initially phrased in terms of the circuit court's subject matter jurisdiction. Plaintiff asserts that the trial court lacked such jurisdiction because defendant's request for change of custody was technically defective. We disagree.

Subject matter jurisdiction is the court's right "to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending * * *". *Joy v Two-Bit Corp,* 287 Mich 244, 253; 283 NW 45 (1938). See also, *Pease v North American Finance Corp,* 69 Mich

App 165, 168-170; 244 NW2d 400 (1976), *lv den* 399 Mich 883 (1977). In Michigan, jurisdiction over children of divorced parents remains in the court which granted the divorce until the youngest child attains the age of 18. MCL 552.17a; MSA 25.97(1), *Eigner v Eigner,* 79 Mich App 189, 196; 261 NW2d 254 (1977). This jurisdiction, of necessity, is not lost because of the manner in which a pleading is drafted.

As to the question whether defendant's request complied with the court rules and was, thus, properly before the court, we first note that GCR 1963, 725.1, requires that all pleadings seeking affirmative relief in child custody matters be verified by oath. Such verification may be done by "someone, other than a party, having knowledge of the facts pleaded; further, this knowledge may be acquired upon information and belief". *White v White,* 86 Mich App 98, 101-102; 272 NW2d 202 (1978). In the instant case, defendant's request for change of custody was not contained in a verified pleading.

A second court rule applicable here is GCR 1963, 111.1, which imposes two requirements on the drafters of pleadings. First, "the pleading must give notice of the nature of the claim sufficient to permit the preparation of a meaningful response. This requirement is addressed to the technical sufficiency of the pleading as a matter of form." *O'Toole v Fortino,* 97 Mich App 797; 295 NW2d 867 (1980). GCR 1963, 110.2, makes a similar requirement with regard to a motion for an order in a pending case.

While defendant's request for change of custody (technically akin to a motion) provided notice to plaintiff that custody of Leslie had become an issue, it did not state why defendant believed a change was in order. Defendant gave plaintiff no

backdrop against which to frame a *meaningful* response. However, we do not find the absence of such a statement of facts to render defendant's request incapable of resolution by the court. Had plaintiff found herself unable to respond to defendant's request because the pleading was so vague that it failed to comply with the court rules, plaintiff should have moved for a more definite statement. GCR 1963, 115.1. Alternatively, plaintiff could have filed a motion to strike that part of defendant's response to her motion. GCR 1963, 115.2. Plaintiff exercised neither option. However, because the defendant's request for change of custody was not contained in a verified pleading, we cannot sanction that request as if properly drafted.

The avowed policy in this state is that, in disputes over child custody, the best interests of the child are paramount. MCL 722.25; MSA 25.312(5). Because Leslie has already been subjected to an abrupt and long distance change of custody and environment, because the present custody dispute would not likely subside if we ruled that dismissal was required by the defects in defendant's request for change of custody, and, finally, because plaintiff has not established any manifest injustice arising from the form in which the issue was presented to the trial court, we have concluded that, on remand, the defendant should be given a reasonable amount of time in which to file a proper petition for change of custody. See, *e.g., Chisnell v Chisnell,* 99 Mich App 311; 297 NW2d 909 (1980). In the event the petition is not brought into conformance with the court rules, it is to be dismissed.

Reversed and remanded for proceedings consistent with this opinion.