HENRY v HENRY

Docket No. 59745. Submitted March 17, 1982, at Detroit.—Decided
    September 7, 1982.

   Plaintiff, D. Craig Henry, and defendant, Rebecca A. Henry, were
   divorced and defendant was awarded custody of the two minor
   children by order of the Genesee Circuit Court. Defendant filed
   a petition to obtain the court's approval to move to Minnesota
   with the children. The court, Thomas C. Yeotis, J., denied the
   petition, basing its decision on what it perceived to be the best
   interests of the children. Defendant appeals. *Held:*

      The appropriate test to be applied in cases dealing with
   removal petitions focuses on what is in the best interest of the
   custodial parent and child, not solely what is in the best
   interests of the child. The decision of the lower court is re-
   versed and the cause is remanded for further proceedings.

      Reversed and remanded.

PARENT AND CHILD — CHILD CUSTODY — MOTION TO REMOVE CHILD.

   A trial court in ruling on a motion by a parent who has custody
   of a minor child under a judgment of divorce for permission to
   remove the child from the state should apply the following
   four-pronged test rather than relying upon the criteria for
   determining the best interests of the child as outlined in the
   Child Custody Act of 1970: (1) it should consider the prospective
   advantages of the move in terms of its likely capacity for
   improving the general quality of life for both the custodial
   parent and the children; (2) it must evaluate the integrity of
   the motives of the custodial parent in seeking the move in
   order to determine whether the removal is inspired primarily
   by the desire to defeat or frustrate visitation by the noncusto-
   dial parent, and whether the custodial parent is likely to
   comply with substitute visitation orders when no longer subject
   to the jurisdiction of the courts of the state; (3) it must take

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 798, 803.
42 Am Jur 2d, Infants § 52.
Nonresidence as affecting one's right to custody of child. 15 ALR2d
   432.

into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations; and (4) the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent if removal is allowed (MCL 722.23; MSA 25.312[3]).

*D. Craig Henry, P.C.,* for plaintiff.

*Majory B. Cohen,* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and N. J. LAMBROS,* JJ.

N. J. LAMBROS, J. On November 5, 1980, defendant was awarded a judgment of divorce and custody of her two minor children. That judgment provided that the domicile or residence of said minor children shall not be removed from the State of Michigan without prior approval of the court, as required by GCR 1963, 729.4(1). In addition, the defendant was precluded from changing the domicile or residence of the minor children from the Grand Blanc School District without prior court approval. Defendant filed a petition to obtain the court's approval to move to Minnesota with the children, but this petition was denied. Defendant appeals as of right.

The instant case presents this Court with an opportunity to clarify our position regarding removal of children from this state subsequent to the entry of a judgment of divorce and the award of custody.

MCL 552.17(a); MSA 25.97(1) provides that our circuit courts shall have the jurisdiction to award

* Circuit judge, sitting on the Court of Appeals by assignment.

custody of minor children in all divorce proceedings. In an attempt to provide guidelines for the resolution of child custody disputes, our Legislature enacted the Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* GCR 1963, 729.4 requires that an order or judgment awarding custody of a child or children shall provide that the domicile or residence of the child shall not be removed from the State of Michigan without the approval of the judge who awarded custody, or his successor. This is the body of codified law which governs our review of the instant inquiry.

Two of our panels have already had an opportunity to examine this issue. In *Hutchins v Hutchins,* 84 Mich App 236; 269 NW2d 539 (1978), the court determined that in attempting to answer removal petitions, the decisions of the lower courts should be based upon the "best interests of the child" standard set out in the Child Custody Act. The Court observed that "[t]his standard applies not only in the original divorce proceeding but also in all actions involving a dispute of custody of a minor child, see MCL 722.24; MSA 25.312(4)." *Id.,* 238. This view of the law was adopted by a majority of the Court in *Watters v Watters,* 112 Mich App 1; 314 NW2d 778 (1981).

In both of these cases separate opinions were appended by the third judge. Concurring in *Hutchins,* Judge WILLIAM R. BEASLEY wrote that "in the absence of compelling reasons to the contrary, permitting a child to be removed from the State of Michigan to a new, satisfactory location, should be routinely granted". (Footnote omitted.) *Hutchins, supra,* 239-240. Dissenting in *Watters,* Judge KENNETH B. GLASER indicated his belief that the criteria for determining the best interest of the child for custody purposes under the Child Custody Act,

MCL 722.23; MSA 25.312(3), were not intended to, nor should they be, applicable to removal petitions. We agree.

A close analysis of the Child Custody Act reveals nothing to support its application to those cases involving the removal of children from the state after the award of custody. Indeed, the Legislature, itself, defined the application and limits of the act with the following language, to wit: "AN ACT to declare the inherent rights of minor children; to establish rights and duties to their custody, support and visitation in disputed actions; to provide for certain procedure and appeals; and to repeal certain acts and parts of acts."

MCL 722.24; MSA 25.312(4) provides, "In all actions now pending or hereafter filed in a circuit court *involving dispute of custody of a minor child,* the court shall declare the inherent rights of the child and establish the rights and duties as to custody, support and visitation of the child in accordance with this act." (Emphasis added.) Application of the preceding language to child custody cases requires trial courts to determine what action would be in the best interests of the child. As mandated by MCL 722.23; MSA 25.312(3), 11 specific factors must be considered by the trial court.

To expand the application of the Child Custody Act to include removal petitions does violence to the expressed intention of the Legislature and imposes upon the trial courts the burden to reconsider factors previously before the court in child custody disputes and may be likely to present wholly inappropriate areas of inquiry in removal petitions.

Moreover, in 1975, our Legislature adopted the uniform child custody jurisdiction act, MCL

600.651; MSA 27A.651, for the purpose of avoiding child custody disputes "which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being", and in the interest of promoting "greater stability of home environment and of secure family relationships for the child". In the words of Judge BEASLEY in his concurrence in *Hutchins, supra,* 240, fn 1, adoption of the act "recognizes the transcience of our late 20th century society".

We believe the appropriate test to be applied in cases dealing with removal petitions is that articulated by the New Jersey Court in *D'Onofrio v D'Onofrio,* 144 NJ Super 200; 365 A2d 27 (1976), *aff'd* 144 NJ Super 352; 365 A2d 716 (1976), adopted by reference in *Watters v Watters, supra,* and which recognizes the mutual rights involved:

(1) "It should consider the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the children.

(2) "It must evaluate the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the non-custodial parent, and whether the custodial parent is likely to comply with substitute visitation orders when she is no longer subject to the jurisdiction of the courts of this State.

(3) "It must likewise take into account the integrity of the noncustodial parent's motives in resisting the removal and consider the extent to which, if at all, the opposition is intended to secure a financial advantage in respect of continuing support obligations.

(4) "Finally, the court must be satisfied that there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parental relationship

with the noncustodial parent if removal is allowed."
*D'Onofrio v D'Onofrio, supra.*

The *D'Onofrio* test focuses on what is in the best
interest of the new family unit, *i.e.,* custodial
parent and child, and not what is in the best
interest of the child; the latter having been de-
cided in the earlier custody hearings. Adoption of
the *D'Onofrio* test comports with the legislative
intent as it is currently expressed and recognizes
the increasingly legitimate mobility of our society.
Arbitrary imposition of the "best interests of the
child" test in all matters concerning children is
illogical at best and cruelly insensitive at worst.

For these reasons, the decision of the lower
court rejecting defendant's petition to move to
another state with the children is reversed and the
cause remanded for proceedings consistent with
our decision.