Hillsborough, ⎱
Oct. 2, 1928. ⎰

BERNARD M. BUTLER *v.* NELLIE C. BUTLER.

*Irving E. Forbes,* for the libelant.

*Aloysius J. Connor* (by brief and orally), for the libelee.

SNOW, J. 1. The power of the court to grant the custody of children of divorced parents to a third person is well settled (*White* v. *White*, 77 N. H. 26, 30; 1 Schouler, Mar. Div. Sep. & Dom. Rel. (6th *ed.*), *s.* 743), and appears to be conceded. The libelee's complaint is of the non-residence of the custodian. The libelee, in argument, invites attention to the statutory source of the court's power as to the custody of children in divorce cases (*Salta* v. *Salta*, 80 N. H. 218, 219), and relies upon the absence of an express provision authorizing a decree which involves sending the children into another jurisdiction.

The statute expressly authorizes the court during the pendency of a libel to "make such order respecting the custody and maintenance of the minor children of the parties as shall be deemed expedient and for the benefit of the children," and, upon granting a divorce to "make such further decree in relation to the maintenance, education and custody of the children as shall be most conducive to their benefit." P. L., *c.* 287, *ss.* 14, 15. The language of the statute manifestly suggests no qualification or restraint except such as may be imposed by the sound discretion of the presiding justice. *Stetson* v. *Stetson*, 80 Me. 483, 485. It is broad enough to include the appointment of a non-resident custodian if such be found to be for the ward's benefit.

It is argued, however, that the provision of *c.* 287, *s.* 30, empowering the court to "modify or revise its orders and decrees," discloses a legislative intent that the court shall retain such control of its wards that its amended orders, if any, may be enforced within the jurisdiction. This claim, if it otherwise had merit, loses force when it is considered that *s.* 30 is not addressed specifically to orders for custody, but is general in its terms and includes, as well, orders for alimony and allowance. *Bickford* v. *Bickford*, 74 N. H. 448, 451, 452. This argument, moreover, loses sight of the paramount and controlling considerations upon which the courts are invested with authority to determine the custody of minor children, and which govern the courts in its administration, namely, the interest of society and the welfare of the children. *Stone* v. *Stone*, 158 Ind. 628, 631, 632; *Collins* v. *Collins*, 76 Kans. 93, 96; *White* v. *White, supra; Hanrahan* v. *Sears*, 72 N. H. 71, 72. The retention of a child within the jurisdiction, where the orders of the appointing court can be more effectively enforced, may in individual cases be desirable and often is provided for by restraining orders. 2 Bish., Mar. Div. & Sep., § 1204. Such an order is, however, only a means to the end of promoting the minor's best interest. The occasional use of such power evidences the common

judicial understanding that crossing jurisdictional lines by a custodian with his ward, in the absence of a restraining order, is not ordinarily regarded as an abuse of wardship.

It is often clearly for the best interest of the children that they be sent to another state for the purpose of education, business, health, support or residence; and the power of the court in such case to make an order which will involve the absence of the ward from the jurisdiction a part or all the time, is recognized by leading authorities. *Stetson* v. *Stetson,* 80 Me. 483, 485; *Morrill* v. *Morrill,* 83 Conn. 479, 491, 492; *In re Bullen,* 28 Kans. 781, 786. In such cases the custody may be granted to persons who reside without the jurisdiction. *Collins* v. *Collins,* 76 Kans. 93, 95; *Stafford* v. *Stafford,* 217 Ill. App. 548, 554; s. c. 299 Ill. 438, 451; *Kane* v. *Kane,* 241 Mich. 96. See note 20 A. L. R. 838 (1922), where the authorities are gathered. Whenever such a change in the residence of the wards is "conducive to their benefit" the right of the court to order it is within the express terms of our statute. An intent to the contrary is not to be inferred from the provision authorizing modification of the court's orders. Such a construction would defeat the primary purpose of the statute.

Defendant's contention that the policy of the law to make effective its decrees is of controlling importance is without merit. The hazards of ineffective enforcement arising from the mere change of a ward's residence to another state are not such as to prevent the court from giving the fullest force and consideration to the child's greatest welfare which, as we have seen, is always the paramount and determining factor. *Wald* v. *Wald,* 168 Mo. App. 377, 385. It is unnecessary to consider whether a decree for the custody of a minor in a divorce case, like a decree for alimony (*Cowles* v. *Cowles,* 80 N. H. 530, 531), is a judgment within the protection of the full faith and credit clause of the federal constitution (20 A. L. R. 815, note); it is sufficient that, under the principles of comity customarily exercised among the states, the courts of each will give appropriate force to the official character of a custodian appointed in another state, and recognize him in the absence of changed conditions. *Hanrahan* v. *Sears, supra; Woodworth* v. *Spring,* 4 Allen 321, 324, 325. While jurisdiction to modify an order for custody, as a legal consequence, continues in the court of the state where it is made (*Cowles* v. *Cowles, supra*), nevertheless, upon proof that the custodian of a child is unfit to continue to have the control of the child, the child may be taken from him and be given to another person by the courts of any state into which the child may have come. *Id.; White* v. *White,* 77 N. H. 26, 30;

7 Cornell L. Q., 1, 9; Am. Law Inst., Restatement Confl. Laws (Tent.), s. 151. And such an order becomes material, if not controlling, evidence for the consideration of the court making the original decree upon the question whether its order should continue, or be modified or revoked. *Cowles* v. *Cowles, supra,* 532. See *Morrill* v. *Morrill,* 83 Conn. 479.

With the fuller and more complete application of the principles of comity prevailing in these matters (7 Cornell, L. Q., 1, 10, 1921), there is neither justification nor occasion for the court of one state assuming to itself a superiority of supervisory capacity in dealing with state wards. The courts of the state of the current situs of the child are ordinarily in a position to exercise their jurisdiction more beneficially and more effectively than those of any other state (*Dixon* v. *Dixon,* 76 N. J. Eq. 364), and may be safely trusted to safeguard the welfare of the child if changed circumstances have made a new or modified order necessary. Failure of a custodian, wherever appointed, in performance of the imposed trust would constitute such a change.

2. While access to the child by the parent denied custody is an important right, it is one that must yield to the greatest good of the child. No unreasonable infringement of the right is apparent here. No complaint is made of the distance to be traveled for visitation. The presence of an intermediate state line is of no moment.

The prayer with respect to the custody of the minors, by virtue of our statute, was addressed to the sound discretion of the presiding justice, to be exercised with paramount consideration for the welfare of the children. The only question of law raised by the defendant's exceptions is whether the reported facts disclose any abuse of the discretion. None appears.

*Exceptions overruled.*

Peaslee, C. J., was absent: the others concurred.