LEWIS *v.* LEWIS.

1. DIVORCE—CUSTODY AND SUPPORT OF CHILDREN—AGREEMENT OF PARTIES.
   A court in a suit for divorce is not bound by any agreement of the parties in awarding the custody of children or making proper provision for their support.

2. SAME—CUSTODY AND SUPPORT OF CHILDREN—WELFARE OF CHILD.
   The welfare of a child of parties to suit for divorce is paramount in determining matters of its custody and support and not the claims and personal rights and desires of the parents and each case must be decided on its particular facts.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 682.
[2–4] 17 Am Jur, Divorce and Separation § 683.
[4] Nonresidence as affecting one's right to custody of child. 15 ALR2d 432.
   Order in divorce or separation proceeding concerning removal of child from jurisdiction, and award of custody to nonresident. 154 ALR 552.
[5, 6] 17 Am Jur, Divorce and Separation § 679.

3. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER.

> A girl of tender years should be with the mother upon decree of divorce, where there is not the slightest intimation that she is not a proper person.

4. SAME—CUSTODY AND SUPPORT OF CHILD—NONRESIDENT MOTHER.

> A child of divorced parents is a ward of the court and if the court finds it conducive to the best interests of the child to do so, it may award custody to a mother residing without the State and charge the father with the child's maintenance and support.

5. SAME—CUSTODY OF CHILD—RIGHT OF VISITATION.

> The privilege of visitation of a child by divorced parent denied custody is an important but not an absolute right and one which must yield to the good of the child.

6. SAME—RIGHT OF VISITATION.

> Order of court that child of divorced parents, presently in custody of mother residing out of the State, be placed in custody of father in this State for 2 weeks in the summertime provided he was not in arrears on alimony payments and paid traveling expenses of the child from her mother's home and the return trip *held,* proper.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 14, 1953. (Docket No. 85, Calendar No. 45,972.) Decided November 27, 1953.

Divorce proceedings between Hazen Jack Lewis and Lois Lewis. On petition of plaintiff for modification of decree relating to alimony. Modification denied. Plaintiff appeals. Affirmed.

*Herman F. Lande,* for plaintiff.

*Joseph & Joseph,* for defendant.

BUTZEL, J. On October 7, 1946, Lois Lewis, appellee, was awarded a decree of divorce on the ground of extreme cruelty on a cross bill filed by her against Hazen Jack Lewis, appellant. The cross bill also charged nonsupport. She was given the cus-

tody of Kathleen Lewis, a minor child who was less than 2 years of age. Appellant was given the right to visit the child at reasonable times and intervals. and, if he so desired, the sole custody for 2 weeks during the summer. He was ordered to pay the sum of $10 a week as alimony to the friend of the court for the support and maintenance of the child until she attained the age of 18 or had completed her high school education, the sums so paid to be forwarded to the appellee.

The record, consisting of the settled case, as transmitted to this Court, embraces the report of the friend of the court filed just preceding the hearing of the divorce case and also the colloquy between judge and counsel at the time of the hearing of the present petition filed by appellant to modify the alimony provision in the decree so as to release him from payment for the child's support until it was returned to the jurisdiction of the court. Appellant also asked for such further relief as shall be agreeable to equity and good conscience. No objection is offered to the judge's basing his decision largely on the report of the friend of the court, which indicated that prior to the birth of the child appellant did not want the child nor did he care to see it when it was born. Appellant did not pay the alimony of $10 a week until considerable pressure was brought against him.

Some time after the original decree appellee, who is now remarried, moved to California, taking her young child with her. Appellant was far in arrears in payment of alimony when he filed this petition to modify the decree, stating that 2-1/2 years prior to the petition to amend, appellee had moved to California and that he thus was deprived of the right to visit the child. He further stressed the fact that the original decree was entered in accordance with a stipulation of parties, which provided for appellant's

rights of visitation with the child. He intimates that this is a contract. We dispose of that question at once. The court is not bound by any agreement of parties in awarding the custody of children or making proper provision for their support.

The record as submitted would indicate that appellant had never supported appellee. He was only 19 years of age and appellee a year older when they married. They lived together but a short time. As a property settlement in the divorce decree, appellee was awarded only $175 equity in a home and the household furniture and furnishings being purchased on contract. In his present petition appellant expresses no love for, nor desire to see the child, but only the right to see it. He bases his claim entirely on the case of *Meyers* v. *Meyers,* 161 Mich 487, which refers to the previous case of *Myers* v. *Myers,* 143 Mich 32. The *Meyers Case* does not state an absolute rule. It has been modified by *Kane* v. *Kane,* 241 Mich 96, where we stated that the welfare of the child and not the claims and personal rights and desires of the parents is paramount. Each case must be decided on its particular facts. In this case appellee has remarried and is living in California. The child is of tender years. It should be with the mother and there is not even the slightest intimation that she is not a proper person to have custody of the child. In *Kane* v. *Kane, supra,* we said:

"The rule is universal that a child of divorced parents is a ward of the court and that, in providing for its care, custody, maintenance, and education, the paramount consideration shall be its welfare. To that welfare, the claims and personal rights and desires of parents and even the wishes of the child must yield. *Corrie* v. *Corrie,* 42 Mich 509; *Weiss* v. *Weiss,* 174 Mich 431; 19 CJ, p 343, and cases in note.

"Where, in the fair and impartial exercise of its wise discretion, the court finds it conducive to the

best interests of the child to do so, it is authorized by the statute cited to award its custody to a parent who resides without the State, and in this or a foreign country, and, where the custody is awarded the mother, to charge the father with the child's maintenance and support.

"Access to the child by the parent denied custody is an important right. It is recognized that awarding custody to a nonresident parent may render the privilege of visitation impracticable in many cases. That privilege is not an absolute right but one which must yield to the good of the child. *Waldref* v. *Waldref,* 135 Minn 473 (159 NW 1068); *Bedolfe* v. *Bedolfe,* 71 Wash 60 (127 Pac 594); 19 CJ p 348. Its feasible exercise should be safeguarded by the decree, but only to the extent it may be done without opposing the best interest of the child. Where the proofs are convincing the welfare of the child demands that course be taken its custody may and should be awarded to the nonresident parent notwithstanding the effect may be the defeat of visitation by the resident parent."

See, also, *Hart* v. *Hart,* 266 Mich 564, and *Chadwick* v. *Chadwick,* 275 Mich 226.

The judge refused to modify the decree of alimony for the support of the child but did order that appellant might have the child for 2 weeks in the summertime, provided that he was not in arrears on alimony payments and paid the traveling expenses of the child from her mother's home and the return trip.

The order of the court is affirmed, with costs to appellee.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.