[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant father has moved for an order of specific visitation rights with the minor child Jaimie. The child now six years old was born to the plaintiff mother and defendant father who had never been married to each other. The defendant has been refused visitation rights for the last five years. Although the plaintiff did permit limited sporadic visitation during the child's first year. The parentage of both parties has been established by court proceedings which stipulated to the defendant being the natural father on August 29, 1986. The child has been living with the plaintiff, her second husband and her three sons of her first husband. Jaimie was born during a period of time when the plaintiff and her first husband were separated and the child bears the first husband's last name as do his three siblings. The defendant is also presently married and has three children of that marriage, and his wife's son by her first marriage also resides with them. The present situation is that Jaimie does not know his biological father and the plaintiff has never explained the situation. Since he and his mother's three sons bear the same last name it is possible that he assumes that he is a full brother of those three young men.
"In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child. . . ." 46b-56(b).
Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with children under such restrictions as the circumstances warrant. 27B C.J.S. 478 Divorce 312." Raymond CT Page 8034 v. Raymond, 165 Conn. 735. While the cited case has to do with children of divorced parents it would seem to this court that the same reasoning should be applied to parents who were not married as occurred herein. The father is paying support for his minor son in accordance with the requirements of divorced non custodial parents. He should have the same rights of visitation as a divorced parent.
The following quotation from the case of Raymond v. Raymond, supra 741 (1974) sets forth the rule of law upon the issue of visitation:
 Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children under such restrictions as the circumstances warrant. 27B C.J.S. 478, Divorce, 312. If circumstances have placed a financial burden on the parent in relation to visitation, the court may consider whether a reduction in support is in the best interests of the children, to allow the expenditure of funds saved from the reduced payments to be spent on securing visitation. A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 197, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471. Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests are subordinate to the welfare of the children. Neither parent's interest with regard to his or her children are a property right nor are CT Page 8035 they rights which cannot be terminated without his or her consent. Doe v. Doe, 163 Conn. 340, 343, 307 A.2d 166; Goshkarian's Appeal, 110 Conn. 463, 468, 148 A. 379.
 A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. Antedomenico v. Antedomenico, 142 Conn. 558, 562, 115 A.2d 659, see Krasnow v. Krasnow, 140 Conn. 254, 260, 99 A.2d 104.
He is a good father to his present three children and his stepson; has been steadily employed for many years at two jobs and is well regarded by his employers. The court regards the defendant's efforts to visit as sincere and not a weapon to be used to combat the claims for support for Jaimie. This court finds that it is in the child's best interest that he visit with his natural father. Accordingly the defendant is granted rights of visitation with his son Jaimie, which shall begin two months from the date of this decision. In these two months, the mother shall prepare the minor child for the visitation of his father by explaining who his father is although, he does not bear his natural father's name and of his desire as the child's parent to visit with him, and to demonstrate his love for him.
Visitation the first two months shall be with the mother present at her home for one to two hours and thereafter the defendant shall be permitted to visit alone, and to take the child with him. The visitation granted after the first two months shall be weekly on either Saturday or Sunday for four hours with the defendant giving the plaintiff 48 hours notice of each visit. At the end of one year if the visitation is going well it shall be increased to one whole day from 8:00 a.m. to 8:00 p.m. If visitation is not going well at the end of a year it shall be reviewed by this court.
LEVINE, STATE TRIAL REFEREE