[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff husband against the defendant wife. The parties were married in New Haven on May 10, 1983. They had lived together for two years prior to their marriage and have two children, Danielle born December 31, 1981 and Richard born August 30, 1984. The children are living with the defendant in the family home. The plaintiff moved out in November 1990. On September 1991 he moved to Venice, Florida with his girlfriend and continues to CT Page 452 live there at the present time.
The plaintiff is thirty (30) years of age and in good health. He is a sheet metal installer but was laid off in March 1990. Except for two weeks of employment as a sheet metal worker six months ago, the plaintiff has been unable to find such work. At the present time he is employed in Florida as a carpet installer and has been so employed for a period of four months. He has applied for work at Superior Heating Air-conditioning, the local firm doing sheet metal installation, and is on the waiting list at that firm. As a carpet installer he is earning an average pay of $194. per week and a net weekly wage after FICA and withholding of $169.00. As a sheet metal installer his gross earning capacity is approximately $400. per week. He has a high school education.
The defendant is twenty-eight (28) years of age and also in good health. In August 1991 she became employed as a kindercare teacher and her hours of such coincide with the school hours of her children. The defendant has had a high school education and has had college courses in computers. She has a preschool teaching certificate as a Kindercare teacher. She receives $5.35 per hour. Maximum time per week is 30 to 35 hours. The defendant also has raised puppies and has sold the puppies for $300.00 a piece. During the last year five (5) puppies were born and she received $1500.
The plaintiff maintains the marriage has broken down because of arguments over finances and the fact he was unemployed. The defendant maintains the marriage has broken down because of the plaintiff's constant drinking. There has been no evidence that the plaintiff's relationship with his present girlfriend developed other than after he had left the family home. The court accepts the defendant's version of the cause for the breakdown and finds that the plaintiff is at fault for the breakdown of the marriage.
On April 1989 the parties purchased a home on Fort Hale Road in New Haven from the plaintiff's aunt. The property was appraised for $125,000. The purchase price was $95,000. supplied by a mortgage in that amount. The mortgage is now in default. The last mortgage payment was made in April 1991 and a mortgage foreclosure suit is pending.
The current pendente lite order is for support in the amount of $120.00 per week effective May 31, 1991. Except for the checks comprising plaintiff's exhibit A, the plaintiff has continued to pay support in accordance with the court's earlier order of $75.00 per week. On August 1, 1991 the plaintiff filed a motion to modify the pendente lite child support. The order of CT Page 453 $120. per week was based upon the plaintiff's earning capacity as a sheet metal worker. The court finds that as of September 17, 1991 when the plaintiff became employed as a carpet installer and work was not available for him as a sheet metal installer, then that constituted a substantial change of circumstances pursuant to the criteria of 46b-86 (a) of the General Statutes. The court, therefore, grants the plaintiff's motion for modification as of September 17, 1991 and, in accordance with the provisions of 46b-84 of the General Statutes, enters an order of $75.00 per week as support for the two minor children from and after that date.
There is some question with regard to the issue of visitation. The following language from the case of Raymond v. Raymond, 165 Conn. 735, 741 (1974) sets forth the rule of law upon the issue of visitation:
 Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children under such restrictions as the circumstances warrant. 27B C.J.S. 478, Divorce, 312. If circumstances have placed a financial burden on the parent in relationship to visitation, the court may consider whether a reduction in support is in the best interests of the children, to allow the expenditure of funds saved from the reduced payments to be spent on securing visitation. A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 197, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471. Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right nor are they rights CT Page 454 which cannot be terminated without his or her consent. Doe v. Doe, 163 Conn. 340, 343, 307 A.2d 166; Goshkarian's Appeal, 110 Conn. 463, 468; 148 A. 379. A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. Antedomenico v. Antedomenico, 142 Conn. 558, 562, 115 A.2d 659, see Krasnow v. Krasnow, 140 Conn. 254, 260, 99 A.2d 104.
In determining the proper orders in this case the court must consider the factors set forth in 46b-81 and 46b-82 of the General Statutes together with the provisions of 46b-84. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42, 48, `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted). Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified terms. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980).
The court has considered all of the criteria of 46b-81,46b-82 and 46b-84 of the General Statutes together with all of the evidence and the case law. Since [i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account, "Scherr v. Scherr, 183 Conn. 366, 368 (1981), this court will not recount I those statutory criteria and the evidence, other than has been CT Page 455 previously stated. "The court is not obligated to make express findings on each of these statutory criteria. Weiman v. Weiman,188 Conn. 232, 234 (1932). Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties property in a dissolution proceeding. Leo v. Leo,197 Conn. 1, 5 (1985) and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14
(1991).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
 2. The allegations of the complaint as amended to conform to the proof have been proved and are true.
 3. There has been an irretrievable breakdown of the marriage.
 4. The plaintiff is at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the marriage of the parties shall enter on the grounds of irretrievable breakdown of the marriage.
2. Custody of the two minor children, Danielle, born December 31, 1981 and Richard, born August 30, 1984 shall be with the defendant.
3. The plaintiff shall have rights of reasonable visitation upon reasonable notice whenever he is in Connecticut The plaintiff shall also have rights of visitation with the children for a period of six weeks during the summer and during the childrens' school vacations as may be agreed upon between the parties. There shall be no consumption of alcohol by the plaintiff prior to or during the exercise of his visitation with the children. The expense of travel for the children shall be borne entirely by the plaintiff. Arrangements may be made for the children to travel by air line arrangement for child travel, the defendant delivering and meeting the children at the airport at this end and the plaintiff meeting and delivering the children at the airport in Florida.
5. The plaintiff shall maintain medical and hospital insurance for the benefit of the minor children as is available to him through any employment. If such medical and hospital CT Page 456 insurance is unavailable to the plaintiff through his employment, the defendant shall maintain such medical and hospital insurance as available to her through any employment. If such insurance is available to the defendant only upon an additional charge, such additional charge shall be reimbursed to her by the plaintiff. The defendant shall have the benefit of the provisions of 46b-84
(c) of the General Statutes.
6. Any uninsured or unreimbursed medical or dental expenses incurred for the minor children shall be paid equally by the parties.
7. The plaintiff shall pay to the defendant the sum of fifteen ($15.00) dollars per week by way of alimony terminable upon the earliest to occur of the following events: the death of either of the parties, the defendant's remarriage, or August 30, 2002.
8. The plaintiff shall pay to the defendant by way of support for the two minor children the sum of seventy ($70.00) dollars per week (thirty-five ($35.00)) dollars per week per child.)
9. The parties shall determine the arrearage upon the pendente lite orders as modified effective September 17, 1991 and said sum shall be paid by the plaintiff to the defendant within thirty (30) days from the date hereof.
10. The plaintiff's Harley Davidson motorcycle shall be placed upon the market and sold and the proceeds realized thereon shall be decided equally and deposited into custodian accounts for each of the children. The custodian accounts shall be in the joint names of the parties and shall require the signature of both of the parties for any withdrawal.
11. The real property at 510 Fort Hale Road in New Haven, if it has not already been so listed for sale, shall be placed upon the market for sale at a price and with a broker as determined by the defendant. Upon a sale of the property after payment of the brokerage Commission, the amount owed upon the mortgage and customary closing expenses including reasonable attorney's fees upon the sale of the property, the first $5140. of the net proceeds shall be paid over to the defendant to reimburse her for the six months of mortgage payments that she made. The balance of the net proceeds shall then be divided equally between the parties. If the property is sold in a mortgage foreclosure, any proceeds realized after the payment of the mortgage and all expenses, the first $5140. thereof shall be paid to the defendant and the balance divided equally between the parties. Should the mortgage foreclosure result in a deficiency CT Page 457 judgment, the parties shall be equally responsible upon such deficiency.
12. The tangible personal property at 510 Fort Hale Road shall be the property of the defendant and shall be hers free of any claim or demand by the plaintiff except for the stereo set, the lawn mower and the weed wacker which shall be the property of the plaintiff free of any claim or demand by the defendant. The lawn mower and the weed wacker shall remain with the defendant for so long as she remains at 510 Fort Hale Road and shall be taken by the plaintiff only upon the defendant's vacating of said property. The family photographs shall be divided between the parties. To the extent that it may be necessary to duplicate photographs, such duplicates shall be made and the cost of such duplication shall be borne equally by the parties.
13. The plaintiff shall pay to the defendant the sum of $706. within thirty (30) days of the date hereof. This represents his share of the following bills: Dr. LaChance $94.00, U.I. $80.00, Telephone $80.00, Gas $110.00, Water Pollution Control $67.00 and Dr. Barron $275.00. The plaintiff shall be responsible for and hold harmless the defendant upon the Visa Gold bill in the amount of $4,000. Except as otherwise stated above each of the parties shall be responsible for the liabilities listed in his or her financial affidavit and shall indemnify and hold harmless the other party upon any claim or demand arising therefrom.
14. Each party shall pay his or her own attorney's fees.
15. The plaintiff shall keep the defendant informed regarding his employment status and shall advise the defendant within forty-eight (48) hours of any change in his employment. He shall send copies of any W-2 statements he receives in each year and shall send copies of pay stubs for thirteen (13) successive weeks from the date hereof and pay stubs for the first thirteen (13) successive weeks for his employment upon any employment change.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, JUDGE