[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CORRECT AND MOTION FOR CONTEMPT
There are two motions before the court for decision in this matter: plaintiff's motion for clarification of Judge Levine's orders entered on September 25, 1992 and the minor children's attorney's motion for contempt dated December 15, 1992.
I. MOTION TO CORRECT
The motion for clarification deals with clarification of Judge Levine's orders entered on September 25, 1992. At that time Judge Levine found that it was in the best interest of the children to have visitation with their father. The children, Shana Grace Harris born on September 11, 1984 (not 1985 as alleged in the complaint) and Calvin Harris, Jr. born on January 28, 1989, are eight and four years of age. Shana has not wished to visit with her father. Judge Levine did not order Shana to visit with her father but ordered that the defendant, Ms Gay, was to encourage Shana to visit with her father.
With regard to the issue of visitation, our Supreme Court has stated in the case of Raymond v. Raymond, 185 Conn. 735
at p. 741 (1974), as follows:
 Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children under such restrictions as the circumstances warrant. 27B C.J.S. 478, Divorce, 312. If circumstances have placed a financial burden on the parent in relation to visitation, the court may consider whether a reduction in support is in the best interests of the children, to allow the expenditure of funds saved from the reduced payments to be spent on securing visitation. A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on CT Page 1667 what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 197, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471. Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right nor are they rights which cannot be terminated without his or her consent. Doe v. Doe, 163 Conn. 340, 343, 307 A.2d 166; Goshkarian's Appeal, 110 Conn. 463, 468, 148 A. 379. A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. Antedomenico v. Antedomenico, 142 Conn. 558, 562, 115 A.2d 659, see Krasnow v. Krasnow, 140 Conn. 254, 260, 99 A.2d 104.
The issues of custody and visitation are controlled by 46b-56
of the General Statutes. Subsection (a) of 46b-56
provides that the court may at any time make or modify any prior order regarding the education and support of the children and of care, custody and visitation. (Emphasis supplied.)
Subsection (b) provides that the court, in making or modifying any order with respect to custody or visitation shall be guided by the best interests of the child. It is the best interests of the children, therefore, rather than the interests of the parents which is the primary concern of the court.
A lengthy evidentiary hearing was held before Judge Levine and this court, also, has devoted parts of three days to this matter. On the motion for correction, the court has treated that as a motion to correct Judge Levine's orders but, in addition, has treated this as a motion for modification pursuant to 46b-56 in the children's best interests. The court enters the following orders upon this motion: CT Page 1668
1. The father shall have rights of visitation with his minor children, Calvin Harris, Jr. and Shana Grace Harris, every Wednesday from 4:00 p. m. until 7:30 p. m.
2. The father shall have rights of visitation with both children on the second and fourth weekend of each month from 6:30 p. m. Friday to 7:30 p. m. Sunday, except that during the summer, from June 30th through August 31st, the father shall have visitation with the children on the second and fourth weekends from 6:30 p. m. Friday to 8:30 a.m. Sundays.
3. In any month wherein there is a fifth Sunday in the month, the father shall have rights of visitation with the children on the fifth Sunday from 9:00 a.m. to 7:30 p. m. except that, during the summer from June 30th through August 31st, he shall be entitled to visitation with them on any fifth Sunday from 9:00 a.m. to 8:30 p. m.
4. The father shall be entitled to two weeks visitation, which may, at the father's election, be consecutive weeks with the children during each summer, and one week during each school winter vacation period in February. The father shall be entitled to pick up Calvin, Jr. for visitation during his winter vacation this year at 6:00 p. m. on Thursday, February 11, 1993, and return him to the mother by 7:30 p. m. on Sunday, February 21, 1993. Notice of the summer weeks shall be given by the father to the mother in writing on or before June 1st of each year.
5. The father shall have rights of visitation with his son and daughter in alternating years on their respective birthday from 3:00 p. m. to 7:30 p. m. visitation by the father shall begin with Shana on her birthday in September of 1993 and with Calvin, Jr. on his birthday in January of 1994 and continue in alternating years thereafter. The mother shall be entitled to have Shana on Shana's birthday in September of 1994 and Calvin, Jr. on his birthday in January of 1995 and in alternating years thereafter.
6. The father shall have visitation with his children on Thanksgiving Day in alternating years, beginning 1994, from 9:00 a.m. Thanksgiving Day to 12:00 noon the next day. The mother shall have them Thanksgiving Day, 1993 and CT Page 1669 alternating years thereafter.
7. The father shall have visitation with his children on each Christmas Eve, December 24th, from 5:30 p. m. to 8:30 p. m. and on Christmas Day from 3:00 p. m. to 7:30 p. m.
8. The father shall have visitation with his children on Lincoln's birthday, whatever date is the national and state holiday, in 1995 and on alternate years thereafter.
9. The father shall have visitation with his children on Washington's birthday, whatever date is the national and state holiday, in 1994 and on alternate years thereafter.
10. It is often usual for Lincoln's birthday and Washington's birthday to be included in the school winter vacation. If such be the case, they will not be treated separately but rather as part of the father's winter vacation. If one or both of these days are scheduled for the mother, her visitation for those days shall be suspended and not made up.
11. The parties shall have the children alternately on Easter day beginning with the father having them on Easter day in 1993 from 9:00 a.m. to 7:30 p. m. and the mother in 1994.
12. The children shall spend Mother's Day and mother's birthday with their mother. Mother's Day being the second Sunday of the month the plaintiff's weekend visitation for this week shall be suspended and not made up. If the mother's Birthday falls on a visitation day or weekend with the father, such weekend or week day visitation shall be suspended and not made up.
13. The father shall be entitled to have his children spend Father's Day with him from 9:00 a.m. to 7:30 p. m. and his Birthday with him from 4:00 p. m. to 7:30 p. m.
14. The parties shall have the children alternately on Memorial Day beginning with the father in 1993 from 9:00 a.m. to 7:30 p. m. and with the mother in 1994.
15. The parties shall have the children alternately on the Fourth of July. The mother shall have them beginning on July 4, 1993, and the father on July 4, 1994 from 9:00 a.m. CT Page 1670 to 8:30 p. m.
16. The father shall be entitled to have his children on any other holiday which falls on the Friday or Monday of the second or fourth weekend of the month when the father is otherwise scheduled to visit with them.
17. The mother shall provide the father with reasonable notice and explanation for the need to cancel any visitations with either of his children or that either will not be ready at the scheduled visitation time.
18. The father shall be entitled to make up any missed visitations not canceled by him on the next available weekday if a weekday visitation is missed or the following weekend if a weekend visitation is missed.
19. If the mother or other suitable adult is not present to receive the children when the father attempts to timely return them to the mother, at the end of a visitation, he may return with them to his home and the mother shall make arrangements to obtain the children from the father.
20. The mother shall be required to maintain, for a period of one year, a written account of all occasions when either or both children do not visit with their father, as ordered by the court, and she shall provide the children's attorney, Debra Arganese, with a written report of same once a month. Said report shall include dates, times and a clear explanation as to why the visitation did not occur with either or both children or why it did not occur on time.
21. The father shall be permitted, at his expense, to make such arrangements as are necessary to have the children's medical and dental needs attended to and to take them to and from appointments.
22. The mother shall keep the father informed of the children's health and health needs and educational progress and needs. If this cannot be provided by telephone, it shall be supplied by the mother to the father in writing at least quarterly, that is, every three months, with the first such notification due by April 1, 1993.
23. The father shall be permitted to arrange and secure for CT Page 1671 Calvin, Jr. a full medical examination, dental treatment if recommended by the dentist, a full speech and language evaluation and a psychological testing and assessment of Calvin, Jr.'s current learning abilities.
24. The parties shall sign a release authorizing any counselor for the children or either of them to provide to the children's attorney, Debra Arganese, their reports and to discuss the counseling.
25. The mother shall strictly comply with the foregoing orders and shall encourage Shana to visit with her father.
26. Shana's visits shall be limited to Wednesday afternoons only until April 1, 1993; thereafter, Shana's visits shall be limited to Wednesday afternoons and every other weekend only and these visits shall be encouraged by her mother and by her attorney. Her visitations shall not include fifth weekend visitations or week vacations at the present time.
27. The father may seek the assistance of the Bridgeport Police Department upon the exercise of visitation if it is denied to him. The police department shall take appropriate action to see that visitation is complied with which may include turning the children over to the father for his court ordered visitation.
II. MOTION FOR CONTEMPT
The court finds there has been an intentional and wilful violation of Judge Levine's orders and that those orders have not been complied with. The court finds that the defendant is in contempt. The court orders that the plaintiff, Mr. Harris, shall have makeup days for the denial of visitation and orders that he shall have two weeks visitation with Calvin, Jr. during the months of July and August, 1993, which shall be one week in July and one week in August. The two weeks shall not be consecutive and shall he one week in the month of July and one week in the month of August. These weeks shall not be consecutive with the father's other two summer weeks.
Pursuant to 46b-87 of the General Statutes, the court allows attorney's fees to the plaintiff in the amount of $350.00 and orders the defendant to pay said amount to plaintiff's attorney on or before May 1, 1993. CT Page 1672
Orders shall enter on both motions in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE