[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF VISITATION (DOCKET ENTRY NO. 172)
The defendant has filed a motion for modification of visitation. Since the court's orders on October 22, 1996 and November 8, 1996, there has been a change in the residence of the plaintiff with the children and a change in the defendant's residence. The defendant married in July, 1998 and moved to her husband's residence in Shelton. The plaintiff, by reason of his inability to afford to remain at the former family home at 3 Kingsbury Road in Norwalk, moved to South Salem, New York to his mother's home.
The court granted plaintiff's motion to modify the judgment regarding the school district on August 12, 1998, which motion was granted by agreement of the parties and without prejudice to the defendant.
The plaintiff's new residence involves additional driving distance of three and one half miles. In driving time, because it is no longer necessary to drive through Norwalk traffic from the Merritt Parkway, it takes less time to drive to South Salem.
Defendant argues that the distances she now has to travel are CT Page 11408 much greater than before. This is certainly true but, except for the seven miles mentioned above (two 3 1/2 miles up and back distances), necessitated entirely because of her move from Norwalk to Shelton.
In deciding this issue the court must consider what is in the children's best interest pursuant to the provisions of §46b-56 of the General Statutes and not what is in the best interest of either of the parties.
The following language of the Supreme Court in the case of Raymond v. Raymond, 165 Conn. 735 at 741 (1974), cited in the court's Memorandum of Decision of October 22, 1996, continues to be instructive in this situation.
 A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 197, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471. Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right nor are they rights which cannot be terminated without his or her consent. Doe v. Doe, 163 Conn. 340, 343, 307 A.2d 166; Goshkarian's Appeal, 110 Conn. 463, 468, 148 A. 379. A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. Antedomenico v. Antedomenico, 142 Conn. 558, 562, 115 A.2d 659, see Krasnow v. Krasnow, 140 Conn. 254, 260, 99 A.2d 104.
A further complication in this case is the continuation of a total lack of communication between the parties. As noted on page 4 of the court's Memorandum of Decision dated October 22, 1996, the defendant despises the plaintiff. The hostility that the defendant has for the plaintiff continues to this day. The defendant's attitude then was complete inflexibility and this attitude continues. As a result, the orders regarding visitation must be rigid. As noted previously, it is impossible to contemplate everything that may happen regarding visitation, so CT Page 11409 the court does remind the parties once more regarding paragraph 12 of the court's Memorandum of Decision of October 22, 1996, that the defendant shall have such additional days and times of visitation as the plaintiff may make available to her in the children's or any one of their best interests. The court again calls the parties' attention to paragraphs 13, 14, 15 and 16 of the court's Memorandum of Decision as set forth on page 20 thereof.
It continues to be important that the children have access to both parents. As noted in October, 1996, which is still true at this time, it is important that Shana and Melissa have a close relationship with their mother. The orders entered on this motion are entered in the children's best interest. The defendant's motion for modification (docket entry no. 172.00) is granted as follows:
1. Defendant's visitation with the children on Wednesdays shall be from 5:30 p.m. after school for all of the children to 8:30 p.m., the defendant to pick up the children at their residence and return the children to their residence promptly at the designated time.
2. Defendant's visitation on alternate weekends shall be from Friday at 5:30 p.m. until Sunday at 7:30 p.m. unless it is a three day holiday. If it is a Friday holiday, pick-up of the children shall be Thursday night at 5:30 p.m., to be returned Sunday at 7:30 p.m. If it is a Monday holiday, pick-up at 5:30 p.m. on Friday evening, the children to be returned on Monday evening at 7:30 p.m. This applies if the Monday or Friday are the defendant's holiday. All transportation is to be provided by the defendant.
3. If a Monday/Friday holiday occurs on the plaintiff's weekend but is the defendant's holiday, the defendant shall have the right to pick-up the children on Sunday evening at 7:30 p.m. and have the children overnight and return the children at 7:30 p.m. on Monday evening to their residence or Thursday evening at 5:30 p.m. and have the children overnight and return the children on Friday evening at 9:00 p.m. to their residence. All transportation to be provided by the defendant.
4. In the event the Monday holiday is the plaintiff's holiday and occurs on the defendant's weekend, the defendant shall CT Page 11410 deliver the children to their residence on Sunday evening at 9:00 p.m.
5. Defendant's visitation during Hanukkah, if during school recess, shall be all day and overnights through Hanukkah except if Hanukkah interferes with Christmas Eve and Christmas Day and evening; Christmas Eve and Christmas Day and evening shall be with the plaintiff. Pick-up and delivery to be the same as weekend visitation. In the event that Hanukkah occurs when school is in session, the defendant shall have the right to have Hanukkah celebrations with the children between 5:30 p.m. and 9:00 p.m. each night for Hanukkah when school is in session the following day. In addition, the defendant shall have Hanukkah overnights if there is no school the following day, and if school is in session during Hanukkah, she shall be entitled to an extra weekend which would ordinarily be the plaintiff's weekend during the eight days of Hanukkah. The plaintiff's loss of that weekend shall not be subject to make-up. The defendant shall provide all transportation to and from the children's place of residence for all Hanukkah activities.
 In the event that Hanukkah conflicts with the New Year's holiday, Hanukkah shall take precedence over the New Year's holiday. However, if New Year's Eve and Hanukkah occur on the same date, and the New Year's Eve holiday in that calendar year is the plaintiff's holiday, the plaintiff shall give up that holiday so the defendant may have Hanukkah visitation with the children and the schedule will rotate for alternate school holiday times as if the plaintiff had had New Year's Eve as his holiday that year.
6. Defendant's visitation for summer vacation shall commence on the first Sunday following the conclusion of school and shall alternate in accordance with prior orders. Each parent will begin her or his week at 9:00 p.m. each Sunday during the summer, so that the defendant's week will be 9:00 p.m. Sunday to 9:00 p.m. the following Sunday, and the plaintiff's week shall be 9:00 p.m. from that Sunday to the following Sunday at 9:00 p.m. Defendant shall pick-up and deliver the children to their residence on the exercise and termination of her visitation.
7. Other orders of this Court as to other issues involving CT Page 11411 the children and visitation shall remain in full force and effect.
8. The parties shall communicate with one another regarding visitation arrangements and shall not use the children as messengers. Changes in these schedules shall be effective only upon acceptance by the plaintiff.
9. Except in the event of an emergency involving one of the parties, there shall be no communication regarding the children, or their visitation by persons other than the parties.
10. In the event the parties are unable to agree on a change in this visitation schedule, the current orders shall remain in full force and effect.
11. In the event there is an activity or event which is important in the children's or any one of their lives which conflicts with the defendant's schedule, and in the event that the defendant either refuses to discuss a scheduled change with the plaintiff or refuses to permit the children to participate in the activity or event after discussion, the plaintiff shall have the right, when these issues are in the best interest of the children or any one of them to preempt the visitation schedule on that one date or occasion and the defendant shall accommodate her pick-up and delivery of the children or shall forego her visitation on that occasion. The plaintiff shall, if possible, offer the defendant make-up time in the event this problem arises. Such preemption may be exercised only when the children or any one of them specifically requests that she, he or they be allowed to attend a particular activity or event because of its importance and the defendant is unwilling to cooperate.
12. The defendant shall provide proper medical care for the children when they are with her and notify the plaintiff immediately on each and every occasion when one or more of the children are sick.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 11412