[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POST JUDGMENT MOTION FOR SUPERVISED VISITATION (DOCKET ENTRY NO. 113)
In a motion dated December 30, 1997, the plaintiff has moved that the defendant's visitation with the minor children, issue of the parties, be supervised, alleging that certain behaviors of the defendant have resulted in a danger to the children's emotional and physical health and well being.
A decree of dissolution of marriage was entered on April 18, 1997, before Moran, J. At that time, an order was entered for joint custody of the minor children, Robert III born December 14, 1988 and Jane Elizabeth born March 1, 1996. The court further ordered physical custody of the minor children to be with the plaintiff, with rights of reasonable, flexible and liberal visitation to the defendant provided that he give a minimum of 24 hours notice. Additionally, the court's orders provided that the defendant shall not physically discipline either child at any time and that the parties discuss issues of religion, education and non-emergency health regarding the children, the plaintiff to CT Page 13589 have final say in the event of a dispute regarding any of the foregoing. On January 8, 1998, the issue of supervised visitation was referred to Family Relations for evaluation. On May 15, 1998, the Family Relations' evaluation was completed. Ms. Jennifer Louise Champagne's recommendation is as follows:
That "the father [defendant] and Robbie participate in counseling in Vermont for a period of two months, to be supplemented with supervised visitation at the home of Betsy and Gary Merling twice monthly. Jane should be included during the visits. After two months, counseling should continue; however, one of the supervised monthly visits may occur at Judy Baxter's home, if she will accept the responsibility. The second visit shall continue at the Merling home. During the course of psychotherapy, suggestions by the clinician for expanding visits should be considered. A review by this office is suggested in nine months upon a motion to the court and referral for an updated evaluation."
At the time of the decree of dissolution, the plaintiff and the minor children occupied the family home and the defendant occupied an in-law apartment attached to the rear of the family home. This led to a number of problems viz-a-viz the parties and the children. In January, the defendant filed for a restraining order and subsequently mutual restraining orders were granted on January 27, 1998. Shortly after the hearing, the plaintiff and the children moved to Vernon, Vermont, which is where they are residing at the present time.
The crux of this whole situation is that Robbie is in fear of the defendant. Robbie has been seriously effected by his parents' divorce. He has been told by his father that the divorce was all his (Robbie's) fault.
The court has held an extended hearing on the issue of supervised visitation. In addition to the parties and the family relations supervisor, the court has heard testimony from the childrens' paternal grandmother, the plaintiff's sister (Ms. Betsy Merling), Ms. Gloriana Tardie and Ms. Heather McClure.
In deciding this issue, the court must consider what is in the children's best interest pursuant to the provisions of § 46b-56 of the General Statutes and not what is in the best interest of either of the parties. CT Page 13590
The following language of the Supreme Court in the case ofRaymond v. Raymond, 165 Conn. 735 at 741 (1974), is instructive in this situation.
 A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 197, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471. Where custody and visitation rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right nor are they rights which cannot be terminated without his or her consent. Doe v. Doe, 163 Conn. 340, 343, 307 A.2d 166; Goshkarian's Appeal, 110 Conn. 463, 468, 148 A. 379. A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. Antedomenico v. Antedomenico, 142 Conn. 558, 562, 115 A.2d 659, see Krasnow v. Krasnow, 140 Conn. 254, 260, 99 A.2d 104.
A further complication in this case is the continuation of a total lack of communication between the parties. Each of the parties has a strong hostility for the other party. It is important that the parties endeavor to solve this situation or their problems will continue to be without resolution.
The court finds that it is in both children's best interests that visitation be supervised at the present time. The defendant must realize that Robbie is frightened of him and act appropriately and accordingly.
The defendant has advocated that the supervised visitation should take place at the home of the defendant's mother. The court finds that such visitation would not be in Robbie's best interest since Mrs. Bell, Sr. might find herself in a conflict situation between her son and her grandson. In addition, Mrs. Bell, Sr. did not wish to discipline her grandson. As she CT Page 13591 expressed it, it is the role of a grandparent to enjoy the grandchildren, to have fun with them and not to discipline.
The court adopts the recommendation of the Family Relations Counselor, Ms. Jennifer Louise Champagne. The court orders that there shall be supervised visitation by the defendant with both children at the home of Betsy and Gary Merling twice a month. The defendant and Robbie shall participate in counseling in Vermont for a period of two months. After the two months, counseling shall continue; however, one of the supervised monthly visits may occur at the home of Judy Baxter if she is willing to accept the responsibility of supervision. During the course of psychotherapy, suggestions by the clinician for expanding visits should be considered. A review by the Family Relations office shall be made in nine months upon a motion to the court and referral for an updated evaluation.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE