[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Jean C. Simon, brings this action for visitation.
Plaintiff and defendant, Shirley Armatis, have four children: Jean Lee Armatis, born June 7, 1991, Sandy Lynn Armatis, born April 4, 1993, Melanie Armatis, born August 5, 1994, and Rosalie Armatis, born May 27, 1997.
On the date of trial, August 31, 1999, the Plaintiff acknowledged paternity of the child, Rosalie Armatis and filed an acknowledgment form with the court, and the parties signed and filed with the court an agreement as follows: CT Page 12582
1. Sole custody of the children is to be awarded to the Defendant Shirley Armatis;
2. No minor child shall be removed from the State of Connecticut permanently, without further order of the court;
3. There shall be no visitation at this time with the minor child, Jean Armatis; and
4. Child support shall be continued through the case currently in the Magistrate's Court.
Said stipulation was signed by the plaintiff and the defendant, counsel for the plaintiff and the defendant and counsel for the minor children. Said provisions are adopted by the Court and are hereby made orders of the Court. A hearing was held on the issue of whether the Plaintiff should be permitted visitation with his three minor daughters and, if so, on what terms and under what conditions.
BACKGROUND:
The Defendant has seven children, four with the plaintiff. These children have always lived with their mother in Connecticut.
The Plaintiff has not seen his children since June of 1997. He lived with the children for a total of three months in 1977, prior to the birth of their daughter Rosalie.
In 1997, the Plaintiff, after assaulting the Defendant while she was pregnant, was asked/told to leave the house by the Defendant and police.
The Plaintiff had assaulted the Defendant on many occasions prior to 1997, sometimes with the children present. On one occasion, the Plaintiff hit the Defendant with sufficient force to "split open" the Defendant's head and to require stitches to close the wound.
The Defendant obtained protective orders against the Plaintiff on June 7, 1991 and on December 19, 1996.
In 1998, the Defendant applied for relief from abuse, in CT Page 12583 Stamford Superior Court, Docket No. FA 98-0164308, and obtained an ex parte restraining order which was continued through September 22, 1998. This order extended to the minor children.
In 1997, when Jean Armatis was six years old, Plaintiff disciplined him by hitting him with a belt and then left him alone, at home, for the afternoon. Plaintiff believed that both these actions were appropriate. This incident was reported to the police and the Plaintiff was arrested and charged with risk of injury to a minor. This incident traumatized Jean and he is afraid to see his father. This was not the only occasion on which the Plaintiff physically abused his son.
Plaintiff has no relationship with his other 3 children. Rosalie, now two, does not know her father. Melanie, five, may have some dim memory of her father. Jean vehemently objects to any visitation or contact.
The children are well cared by the Defendant.
The instant complaint for visitation was returnable July 28,1998. The complaint was thereafter dismissed, on two occasions, for the Plaintiff's failures to pursue the action in accordance with the court rules and orders. Plaintiff also failed to attend the first Family Services meeting in January, 1999 and a Status Conference on March 4, 1999.
Plaintiff, on recommendation of Family Services in April of 1999, attended a series of anger management sessions, but although recommended by counsel for the children, he failed to continue these sessions.
A final hearing was set for July 28, 1999. However, though one year had past since the return date, the Plaintiff had not completed arrangements for retention of an attorney and requested an additional postponement. Trial was then set for August 31, 1999.
DISCUSSION AND DECISION:
The Plaintiff has brought this action for the right to visit his three daughters. He agrees not to request at present, visitation with his son Jean Lee Armatis and that he shall have no right to visitation without further order of the court. CT Page 12584
The court understands that the love and companionship of both parents is important to a child and that, absent compelling reasons to the contrary, visitation should be encouraged and facilitated. However, the issue to be determined on a request for visitation is what would be in the best interest of the child.
 "A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 197, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471." Raymond v. Raymond, 165 Conn. 735, 741 (1974).
Some of the Plaintiff's past behavior provides cause for concern and caution. The Plaintiff's past includes a history not only of abuse of the Defendant and their son, but also of poor judgment as to appropriate child care and supervision.
It is true that the incidents of most concern occurred more than one year before the hearing. However, the Plaintiff lived with the children for only a 3 month period during 1997 and the Plaintiff has not visited the children since 1997. Moreover, the Plaintiff's delays in pursuing this matter has resulted in the passing of more than a year, from filing to the date of hearing. The delay between the July 28, 1998 return date and the trial on August 31, 1999.
Under these circumstances, the court is entitled to consider, and place such weight as it feels appropriate, on the Plaintiff's past history and prior behavior. For visitation purposes, as in custody determinations, the court must look at the history of past behavior to determine what is best for a child's future.
 "In the exercise of its awesome responsibility to find the most salutary custodial arrangement for the children of divorce, the court must however take account of the parents' past behavior, since it must evaluate their present and future, parenting ability and the consistency of their parenting for the purpose of determining which parent will better foster the children's growth, development and well-being. Seymour v. Seymour, supra, 711." Smyrski v. Weber, Superior Court, j.d. of Danbury, Docket No. 32 09 42, p. 5374 (Axelrod, J., May 1, CT Page 12585 1998).
The court has broad discretion in determining whether to grant visitation, and if so on and under what terms, conditions and circumstances.
 "The standard concerning the making and modifying of any order with respect to custody or visitation is the best interests of the child. Connecticut General Statutes § 46b-56
(b). It has been held that the court's discretion in custody and visitation matters is without any specific guidelines other than the best interests of the child. Seymour v. Seymour, 180 Conn. 705, 710 (1980). `We continue to adhere to the view that the legislature was acting wisely in leaving the delicate and difficult process of fact finding in family matters to flexible, individualized adjudication of the particular facts of each case without the constraint of objective guidelines.' Seymour v. Seymour, supra, 710." Barker v. Briggs, Superior Court, j.d. of Stamford, Docket No. 0150273 (Tierney, J., Sept. 11, 1996).
The court has received proposed orders from counsel for the minor children and has considered these carefully, along with those of the defendant. None was received from the Plaintiff. The court agrees with counsel for the children that it is not in the best interest of the children to postpone a decision on this matter. After consideration of the facts presented, the history of the parties, and the law relative to this issue, the court orders as follows:
(1) Sole custody of the minor children is awarded to the Defendant;
(2) Plaintiff shall have supervised visitation with his three daughters in accordance with the following terms and conditions:
 A. Visits shall be every other week for a period of 1 hour and shall be supervised. Scheduling shall be arranged by and through counsel for the children. Visitation shall not begin until after the meeting between the children and the visitation supervisor required in paragraph F; and
 B. Visits shall take place at the Family and Children's Services office at 9 Mott Street, Norwalk (or at such similar facility determined by counsel for the children, in counsel's sole discretion), through the supervised visitation service offered CT Page 12586 by said agency; and
 C. Visits shall take place in the presence of a sheriff or off-duty police officer. Said officer shall transport the three minor girls both ways for the visit, and the Plaintiff shall leave the premises and the vicinity of the agency promptly at the end of each visit and he shall not follow, nor attempt to follow, the children; and
 D. Plaintiff shall deposit with the children's counsel, not later than 7 days prior to the date of any scheduled visit, the full cost charged by the said agency and/or supervisor for said service. Failure to deposit said funds by said deadline shall automatically cancel said visit; and
 E. Plaintiff shall deposit with children's counsel, not later than 7 days prior to the date of any scheduled visit, the full charge of the sheriff or officer for his time at the visit and for the time for the children's transportation. Failure to deposit said funds by said deadline shall automatically cancel said visitation; and
 F. Prior to the 1st scheduled visitation, children's counsel shall arrange for a meeting between the children and the visitation supervisor in order for the children to become more comfortable with the process. Plaintiff shall deposit with children's counsel, not later than 7 days prior to the date of said meeting, the full amount of the charges for said meeting. Failure to deposit said funds by said deadline shall automatically cancel said meeting and shall cancel all visitations until and unless said meeting takes place; and
 G. Plaintiff will provide appropriate snacks and activities for the children during the visits; and
 H. The Supervisor shall have the full and absolute authority to terminate the visitation at any time she believes that such termination is in the best interests of the minor children; and
 I. The children shall be returned to the Defendant, by way of the supervisor and/or the sheriff or police officer at the end of each visit; and
 J. No minor child shall be removed from the State of Connecticut CT Page 12587 permanently without further order of the court; and
 K. At present, and without an order of the court, Plaintiff shall have no visitation with the minor child Jean Armatis; and.
 L. Defendant shall notify her attorney and the children's attorney should said Jean Armatis express an interest in visiting with the Plaintiff; and
 M. Plaintiff shall take part in a parenting class at Family and Children's Services (or at such similar agency as may be determined by counsel for the children in her sole discretion) in addition to the court ordered Parent Education program, and
 N. Child support shall be continued through the case currently in the Magistrate's Court in Stamford, CT.
ADDITIONAL FINDINGS — FEES FOR ATTORNEY FOR MINOR CHILDREN:
Attorney Nancy S. Burke, attorney for the children, has had extensive experience in representing children. Her regular rate of $150 per hour is reasonable for the services performed. However, she has agreed to accept the fee schedule of the Judicial Department; i.e., $25 per hour for non-court time and $55 per hour for hours in court. Attorney Burke spent 8 hours in court and 12.8 hours on work outside of court. The total fee due Attorney Burke if $760.
HILLER, J.